### Harry Savage v. The State.

#### No. 6753.   Decided April 5, 1922.

**1.—Robbery—Evidence—Bill of Exception—Practice on Appeal.**

Where the bill of exceptions is not properly verified and contains no explanations of the setting or surroundings, or showing of the truth of the matter set up as objection, the same cannot be considered on appeal.

**2.—Same—Evidence—Bills of Exception—Practice in Trial Court.**

Where the form of the bill of exceptions is not such as to apprise this court of what was before the trial court when the court made his ruling to which exception was taken, and the exact matter that was presented to the lower court was not stated, the same was correctly overruled, and there was no reversible error.

**3.—Same—Charge of the Court—Principals—Harmless Error—Identification**

Where complaint was directed against the charge of the court because the law of principals was submitted to the jury, but there was some claim of an acting together with the defendant on the part of some other person, yet the defendant being positively identified, and the question of his guilt being one purely of identification, the court's charge was harmless error.

**4.—Same—Sufficiency of the Evidence—Robbery.**

Where upon trial of robbery the evidence sustained the conviction, there was no reversible error.

Appeal from the criminal District Court of Tarrant. Tried below before the Honorable Geo. E. Hosey.

Appeal from a conviction of robbery; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*W. E. Myres,* and *H. R. Bishop,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Tarrant County of the offense of robbery, and his punishment fixed at confinement in the penitentiary for a period of twenty years.

A motion was made for a continuance but appellant seems to have attached little importance to its refusal, as same is not brought forward by any bill of exceptions in the record.

The alleged injured party testified that at or about the time his money was snatched from him there was certain shooting by the officer who accompanied him at the time, and also that other shots were fired by some person out in the street. Objection was made to this latter evidence, and certain grounds of objection were stated as appears in bill of exceptions No. 1, but we have no means of knowing whether the things stated as grounds of objection were in fact true or not. The bill contains no explanatory statement of the setting or surroundings, or showing of the truth of the matters set up as objections. After stating appellant's grounds of objection, the bill proceeds to say that the court overruled same, and our presumption must be that such action was correct. What we have just said about bill of exceptions No. 1 is also true of the contents of bill of exceptions No. 2.

Appellant's third bill of exceptions is as follows:

"Be it remembered that while the defendant was testifying in his own behalf and after he had testified that he was sent to the Federal penitentiary for theft from a box car and except then he had never been arrested until this occasion, the State through her district attorney, Jesse M. Brown, over the objections of the defendant timely made, compelled the defendant to testify as follows over cross-examination: 'I was not arrested in Omaha and charged with burglary on May 23rd, 1918; I was not arrested in Kansas City, Missouri on the 22nd day of October last year for vagrancy; I was arrested and put in jail in El Paso one time; I didn't break jail and get away from there in an automobile; I was in there under the name I always have —Savage. I told the jury I had never been arrested before in a certain length of time; Roberts and I didn't get a service car to drive us out of El Paso; I did not catch a train there and come here to Fort Worth; I was never in jail last year in El Paso; I was not in jail this year in El Paso; when I said I was arrested out there, that was

two years ago, I was arrested there for vagrancy.' That at the time said evidence was offered the defendant objected 1st: Because if defendant had been arrested and charged with vagrancy same was only a misdemeanor that did not impute either legal or moral turpitude, and 2nd: If offered by the State for the purpose of contradiction and impeachment, then defendant would object because same was upon an immaterial issue and said evidence was also prejudicial. The court overruled defendant's objections and forced the defendant to testify as above set out. And be it further remembered that the State did not attempt to show that defendant had been charged with any previous offense except by asking the defendant questions eliciting the evidence above set out. To which ruling of the court the defendant excepted for the reasons stated and now in open court tenders this his bill of exception No. 3 and asks that same be examined, approved and ordered filed as a part of the record in this case which is accordingly done.''

The form of this bill of exceptions is not such as to apprise us of what was before the trial court when he made his ruling to which exception was taken. It is manifest that not all of the testimony stated in said bill of exceptions was objected to upon the grounds stated, for much is there stated to which such objection was not and could not have been pertinent. In order to avail himself of and present his objections the accused should bring before us the exact matter that was presented to the lower court and upon which a ruling was had. If the objections stated were in fact made as recited in the bill ''when the testimony was offered,'' it was clearly within the province of the trial court to overrule such objections. because the inquiry does not seem to have then been relative to any arrest for a misdemeanor. In the form in which the bill comes before us it presents no error. If in proper form, however, in view of the fact that appellant had just admitted on cross-examination that he had been confined in the Federal penitentiary for theft, we would deem the matter of a further admission that at some other time he had been arrested for vagrancy, of such little materiality as to have been worthy of no consideration at our hands.

A complaint is directed at the charge because the law of principals was submitted to the jury, it being set up that there was no evidence before the jury to justify such charge. There was some claim of an acting together with appellant on the part of some other persons. The evidence raising the question of the guilt of any other person than appellant would seem to us rather vague. However, the witnesses all identifying appellant as the man who committed the offense, and the question as to his guilt being purely one of identification and not of other character of guilty connection with the offense, we deem the fact of a charge on principals having been given, to be of no consequence. Such charge could not possibly have inflicted any injury upon appellant. No hypothesis or theory could be advanced

it seems to us, upon which it could be said that such charge militated against his interests.

The case was one of short and direct testimony. The injured party was an employee of the railroad company and was on his way to the bank with a large sum of money in a grip. He was accompanied by an officer for protection. On a public street in the city of Fort Worth said agent was assulted and the money and grip forcibly taken from him. He and other witnesses positively identified appellant as the guilty party. The defense was an alibi, but same was not sustained by other witnesses than appellant himself.

Finding no error in the record the judgment of the trial court will be affirmed.

*Affirmed.*