T. A. SMITH, alias JACK SMITH, v. THE STATE.

No. 7121.   Decided October 18, 1922.

1.—Theft—Evidence—Number on Automobile—Bill of Exceptions—Expert.

Where error was claimed because a certain witness was allowed to state that the motor number had been changed upon the automobile which was the subject of the alleged theft because the witness had not qualified as an expert, there was no reversible error; besides, the bill of exceptions was defective.

2.—Same—Side-Bar Remarks—County Attorney—Practice in Trial Court.

Where it was complained in a bill of exceptions that the county attorney made side-bar remarks in prosecuting the case, but the record showed that the court immediately instructed the jury not to consider same, and there was no request for a charge thereon, there was no reversible error.

3.—Same—Argument of Counsel—Bill of Exceptions.

In the absence of a written request for a charge withdrawing the argument of State's counsel, there was no reversible error under the facts in the instant case.

Appeal from the District Court of Eastland.   Tried below before the Honorable E. A. Hill.

Appeal from a conviction of theft over the value of $50.—penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey*, Assistant Atorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Eastland County of theft of property of the value of more than fifty dollars and his punishment fixed at two years in the penitentiary.

There were no exceptions taken to the charge of the court during the trial, and the record contains but three bills of exception.

By his bill of exceptions number one appellant complains that a certain witness was allowed to state that the motor number had been changed upon the automobile, which was the subject of the alleged theft. As contained in the bill, the ground of objection was that the witness had not qualified as an expert. We find nothing in the bill, nor has such fact otherwise come to us, that the law requires one to be an expert witness before he may be allowed to testify that within

his knowledge the number has been changed upon a motor. If, however, it be necessary that such witness qualify as an expert, then we further observe' that there is nothing in this bill of exceptions which in any wise reflects the fact that the witness in question did not qualify as an expert. Aside from the bare statement of his objection on the ground that the witness had not qualified, there was nothing in the bill supporting or showing such to be the fact. It is the well settled rule, and needs no citation, in this State, that the mere statement in a bill of exceptions of a certain fact as the ground of objection to the introduction of testimony will not be held tantamount to a showing or statement of the truth of such ground. If in fact the matter under discussion required a witness to be an expert, in addition to the statement of objection, the bill should have set forth reasons, and showing that the offered witness was not in fact an expert.

By bill of exceptions number two complaint is made of a side bar remark of the assistant county attorney prosecuting the case. The bill of exceptions shows that the court immediately instructed the jury not to consider said remark. There was no request for a written instruction to the jury, and this is in most cases held necessary. The matter embodied in said remark was not of any material fact in the case, and was not of such inflammatory character as to make it reasonably certain that the verdict of the jury was affected thereby. In this connection we observe that the jury gave to the appellant the lowest penalty. We do not think the bill presents any error.

The third bill of exception sets forth the argument of the prosecuting attorney to the effect that the instant jury should not permit automobile thieves to prepare and present "faked" bills of sales upon charges of such theft. The bill of exception does not show that any written request was presented to the judge asking him to instruct the jury not to consider the argument. We hardly think the argument subject to the attack made upon it. It was in evidence that the defendant sold the car of prosecuting witness a short time after it was lost by the latter. At the time he sold it he claimed to have gotten a bill of sale to it from some man named L. C. Smith, who said he lived in Hico, Texas, and had bought the alleged stolen car from a motor concern in Hico. The manager of said motor concern testified that he knew no L. C. Smith, and that he had sold no such car as the alleged stolen car. We do not think the argument complained of so unwarranted or inflammatory as to subject it to the criticism urged.

Finding no other error complained of in the record, and being of opinion that these discussed present no reversible error, the judgment of the trial court is affirmed.

*Affirmed.*