JOE PLUNK v. THE STATE.

No. 7815.    Delivered Oct. 7, 1923.

Rehearing granted April 2, 1924.

Rehearing granted State June 25, 1924.

Rehearing denied appellant October 15, 1924.

1.—Sale of Intoxicating Liquor—Bills of Exception—Qualification of.

Where a bill of exceptions complains of the introduction of evidence of other offence that appellant stands charged with on the ground that such charges grow out of the same transaction for which he is on trial, and the court qualifies such bill and states that it was in no way shown that the transactions were the same, no error is presented.

2.—Same—Evidence—Impeaching—Other Offenses.

It is well settled, by a long line of decisions in this state that where a defendant testifies as a witness in his own behalf, he may be impeached by proof of pending indictments against him for felonies or misdemeanors involving moral turpitude.   See Branch's Ann. P. C. Sec. 167.

3.—Same—Continuing Foregoing Syllabi.

The case of Wright vs. State 140 S. W. 1105 cited by appellant involves only the point that where complaint is filed against the accused before an examining magistrate which has never been merged into an indictment after sufficient time has elapsed for same to take place, it furnishes no basis for impeachment of the accused.

4.—Same—Evidence—Hearsay Harmless—When.

Where the sheriff, testifying for the state was permitted to testify that when witness who purchased whisky from appellant, came out of appellant's house he told the officer that appellant's child was sick, such evidence was hearsay, but of a harmless character, and could not possibly have injured appellant, and is for that reason not a reversible error.

5.—Same—Rehearing—Indictment—Counts in.

Where one transaction embraces two or more offenses, such as the possession for sale, and the sale of the same intoxicating liquor the charges should be embraced in one indictment, in separate counts, and ought to result in but one conviction.   See Coulte vs. State, 252 S. W. Rep. 168.

**6.—Same—Evidence—Impeachment Of Defendant.**

Where the state elects to file two cases against a defendant upon a single criminal act, proof of another indictment pending against him growing out of the same transaction should not be used to impeach him. This is not intended to convey the idea that in a proper case several indictments for violating the law against possession, sale, transportation etc. of intoxicating liquor, returned upon the testimony of the same witnesses can not impeach the defendant.

**7.—Same—Continuing Above.**

Where the state, having but one case, wrongfully presents two indictments, one of them should not be used for impeachment purposes upon the trial of the other.

**8.—Same—Rehearing—By State—Bills of Exception.**

Where appellant complains of the use of indictments pending against him for impeachment purposes, on the ground that such indictments charge him with offenses growing out of the same transaction that he is on trial for, and the court qualifies such bill with the statement that the offenses were not the same, but charged separate and distinct transactions from the one on trial, no reversible error is shown.

**9.—Same—Rehearing—Bills of Exception—Practice.**

In passing upon bills of exception, there is an unbroken line of decisions in this state, beginning with Smith vs. State, 4 Tex. Crim. App. 630 for nearly fifty years to the present time which hold that the mere statement of the grounds of the objection are not considered on appeal, unless the bill goes further and shows that the grounds of the objection were true.

Appeal from District Court of Van Zandt County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction of selling intoxicating liquor; penalty, three years in the penitentiary.

The opinion states the case.

*Gentry & Gentry,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Van Zandt county of selling intoxicating liquor, and his punishment fixed at three years in the penitentiary.

J. B. Rogers testified for the State that on a certain night he went to the home of appellant and bought from him two pint jars full of whisky for which he paid him $2.50. Said witness was accompanied to the home of appellant by the sheriff, a constable and justice of the peace. These three men stood outside of appellant's house and watched Rogers when he went inside and saw him come back with the whisky in his possession, which he delivered to the sheriff. The officers testified to such facts. The appellant put on the stand a number of witnesses who stated they were in his house on the night in ques-

tion and that Rogers did not come in said house nor purchase from appellant the liquor mentioned.

Appellant complains of the fact that the State was permitted to prove by the sheriff, and also to ask appellant while he was on the stand if it was not true, that he was then under indictment in other felony cases pending against him. Appellant's objection to this seems to be that such testimony was not admissible because the indictments grew out of same transaction which formed the basis for the instant prosecution. In his qualification to the bills of exception the learned trial judge states that it was in no way shown that the transactions were the same. In Mr. Branch's Annotated P. C., Sec. 167, numerous authorities are cited supporting the proposition that the defendant may be impeached as a witness by proof of pending indictments against him for felonies or misdemeanors involving moral turpitude. It seems to be the settled holding of this court. The case of Wright v. State, 140 S. W. Rep., 1105, cited by appellant, involves only the point that where a complaint is filed against the accused before an examining magistrate which has never been merged into an indictment, after sufficient time has elapsed for same to take place, it furnishes no basis for impeachment of the accused.

Appellant also complains of the testimony of the sheriff to the effect that when witness came out of appellant's house he told the officer that appellant's child was sick. In our opinion this was hearsay, but we are unable to detect anything in it which could be held at all injurious to appellant's case. Appellant insists that it might have been used by the jury as affecting the credibility of his witnesses and as upholding the credibility of Rogers. Upon this question as to whether Rogers went into appellant's house on the night of the alleged sale, the witness was supported by the three officers mentioned who testified that they saw him go in and saw him come out. The fact that the jury elected to believe the State witnesses and not to give credence to those of appellant would not seem any cause for reversal, nor are we able to follow the reasoning of appellant in his effort to show that the fact that the officer testified that Rogers told him appellant's child was sick, and that he, therefore, did not arrest appellant on the night in question, could have had the effect of causing the jury to more readily believe Rogers.

Being unable to agree to any of appellant's contentions, and being of opinion that the record presents no error, an affirmance will be ordered.

*Affirmed.*

### ON REHEARING.

MORROW, Presiding Judge.—While testifying in his own behalf, appellant, on cross-examination by the State, was caused to ad-

mit that there was pending against him in the District Court of Van Zandt County, five cases in which he was charged with violating the liquor laws, one of which was for the sale of intoxicating liquor, another (No. 7911) charged him with the unlawful possession of intoxicating liquor, and two other cases: one for selling and the other for having in his possession intoxicating liquor.

It is charged in the bill that all of these indictments were returned at the same term of court, and the objection is made that they grew out of the same transaction as the case for which he was on trial. The court, in approving the bill, declined to assent to that part of the bill to the effect that they grew out of the same transaction.

In argument, attention was drawn to the fact that on one of the indctments mentioned, there had been a conviction, which on appeal, to this court, was reversed. Plunk v. State, 256 S. W. Rep., 922. From an examination of that case, it seems clear that it is a conviction for possessing, for the purpose of sale, two pints of whisky which he sold to James B. Rogers; that the facts are identical with those in the present case. In other words, it appears that in this case he was convicted of selling two pints of whisky to Rogers on a certain day at a certain place; and that on the same transaction, he was, in another case, convicted of possessing two pints of liquor for the purpose of sale. If it be true that this is the identical transaction, both of the charges might have been embraced in one indictment under separate counts and ought to result in but one conviction. See Coulter v. State, 252 S. W. Rep., 168.

The State having elected to file two cases against the appellant upon a single criminal act, proof that the indictment for making the sale was pending against him should not be used against him upon his trial for the unlawful possession of intoxicating liquor for the purpose of sale. These remarks are confined to the facts of the present case. They are not intended to convey the idea that in a proper case several indictments for violating the law prohibiting the possession, sale, transportation, etc., of intoxicating liquor returned upon the testimony of the same witness, may not be used for impeachment purposes against the accused on trial, but where the State, having but one case, wrongfully presents two indictments, one of them should not be used against the accused upon the trial of the other. The evidence is conflicting and the punishment is much above the minimum. We are not prepared to say that appellant suffered no injury. For the reasons stated, the motion for rehearing is granted, the affirmance heretofore entered is set aside, and the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

ON STATE'S MOTION FOR REHEARING.

HAWKINS, Judge.—The State has filed a motion for rehearing in which the correctness of our opinion on appellant's motion for rehearing is challenged. Our attention is directed to the recitals in the bills of exception as being insufficient to present the question of the use for impeachment purposes of indictments pending against appellant claimed to have grown out of the same transaction for which he was on trial. An examination of the bills leads us to the conclusion that the State's contention is right, and that we confused appellant's argument in his brief with the recitals in the bills. The impression made upon our minds, and the thing we desired to express in our former opinion on rehearing, was that it was obnoxious to all the rules of right and reason for the State to return more than one indictment against an accused growing out of the very same criminal act, and upon which only one conviction could be legally obtained, and then upon a trial under one indictment use the existence of the others as a means of affecting the credibility of accused as a witness. We adhere to that portion of our former opinion upon rehearing.

Bill of exception three recites that the State elicited from appellant on cross-examination that there were three other indictments pending against him in the district court of Van Zandt County. The foregoing is all the recital that the bill contains as to the facts. The objection urged to this testimony was that the other indictments were a part of and grew out of the same transaction as the one for which he was then upon trial and that such indictments could not be used for impeaching purposes. This was only ground of objection and did not amount to a certificate of the fact. In approving this bill the court specifically says: "The objection was made for the reasons assigned, but the court does not approve the assignment that the three indictments against defendant grew out of the same transaction, or that the State depended on the same witnesses." In bill of exception number two it is certified that the State was permitted to prove by the sheriff that there were five other cases pending against appellant in the district court of Van Zandt County. The very same objection was urged to his testimony as is found in bill number three and the same explanation attached to the bill, with the further statement that the court "was not advised in any way that the indictments grew out of the same transaction."

Our reports are full of cases supporting the proposition that a mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the bases of objection are true, but that it merely shows that such an objection was made, and that one who complains of the introduction of evidence should incorporate so much of the facts in his bill as would verify

the truth of the objection. A long line of cases will be found collated under Section 209, Branch's Ann. P. C. supporting this proposition. Later cases to the same effect are Savage v. State, 91 Tex. Crim. Rep., 438, 239 S. W. 945, and Smith v. State, 92 Tex. Crim. Rep., 446, 244 S. W. 522. Many other cases could be cited but we deem it unnecessary. If there has ever been a departure from the rule stated we are not aware of it.

We have concluded that we were in error in sustaining appellant's motion for rehearing and the order to that effect is set aside, the State's motion for rehearing is granted, and the judgment of affirmance heretofore ordered is confirmed.

*Affirmed.*

### ON REHEARING.

LATTIMORE, JUDGE.—The State's motion for rehearing was granted at a former term and a judgment reversing the case was set aside and the case affirmed. Appellant files his motion for rehearing and urges that a statement of an objection to a question asked a witness on trial of the case, without further showing as to the truth of such objection, should be taken by us as a true statement of the facts unless there is an issue made by the opposite side as to the truth of such facts. To agree with him in this would require the overruling of an unbroken line of decisions in this State extending for nearly fifty years, beginning apparently with Smith v. State, 4 Tex. Crim. App., 630. We might be inclined to disregard the rule of *stare decisis,* however, if satisfied that same be wrong and that it worked a hardship, but it appears to us that the burden of establishing facts stated as grounds of objection being on him who makes same, should not be held discharged by simply stating the objection. It does not seem that any serious difficulty in making proof of the facts stated as such ground of objection, confronted appellant,—if indeed such facts were true. When the court sustained the objection, unless there was an agreement that the grounds so stated were true, same could have been ascertained by one or two questions and incorporated in the bill.

Appellant's complaint of the qualification of the bills of exception comes too late when made in this court. He should have refused to agree to or accept the bills as qualified, and should have had the facts appropriately preserved and presented.

Regretting our inability to agree with appellant's contention, and believing the judgment of affirmance correctly entered, the motion for rehearing will be overruled.

*Overruled.*