ANNIE LOU WILSON V. THE STATE.

No. 10281. Delivered February 2, 1927.

**1.—Possessing Intoxicating Liquor—Search and Seizure—Held Sufficient.**

Where an·affidavit for a warrant to search certain premises in its caption used the words, "on *his* oath," but was subscribed by two witnesses, and sworn to by them, it was sufficient. The word "his" in the caption does not give character to the affidavit, but the whole context, including the jurat and signature is to be considered.

**2.—Same—Bill of Exceptions—Their Requisites—Rule Stated.**

It is imperative that a bill of exception, to demand or authorize consideration by this court, should state the facts upon which the objections are based, and the mere recital that certain objections were made upon certain grounds, does not comply with the law. Following Belcher v. State, 96 Tex. Crim. Rep. 561, and other cases cited. Also see Vernon's C. C. P., Vol. 2, Art. 667, notes pp. 368-369.

**3.—Same—Continued.**

In the case under consideration, numerous bills of exception complain of the admission of testimony on certain grounds but none of them set forth any facts or surrounding circumstances to enable the court to discover the error sought to be presented. Such bills do not present any error discoverable by this court. See Fowler v. State, 89 Tex. Crim. Rep. 623; Vernon's C. C. P. 1925, Vol. 2, Art. 667, p. 367 notes.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for possessing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Sid Compton* and *C. C. Boswell* of Texarkana, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of intoxicating liquor, punishment fixed at confinement in the penitentiary for one year.

There are several bills of exceptions. All of them are addressed to the sufficiency of the affidavit for a search warrant to admit the evidence of the officers in making the search. The specific attack upon the affidavit is: first, that it is to search a "private residence;" second, that it was not sworn to by two witnesses; third, that it insufficiently describes the property. In the caption of the affidavit it is said:

" * * * personally appeared A. K. Neely and H. E. Sherrer of said Bowie County, who being by me duly sworn, on *his* oath, deposes and says, etc."

At the bottom of the affidavit there appears the signatures of A. K. Neely and H. E. Sherrer. The affidavit also contains the following jurat:

"Sworn to and subscribed before me, on this 22nd day of August, 1925.

"J. W. Hillman, Justice of the peace,
"Precinct No. 1, Bowie."

The property is described thus:

"Residence of Lula Wilson, situated in Texarkana, Bowie County, Texas, and being 609 West Elm Street, City of Texarkana, Texas."

The attacks mentioned were properly overruled.

The use of the word "his" in the caption does not give character to the affidavit, but the whole context, including the jurat and signatures, is to be considered. Viewed in that light, the writing leads definitely to the conclusion that it was not made by one person alone, but by two persons. It may be added that the statute requiring two signatures pertains to a "private dwelling," and reads thus:

" * * * a private dwelling occupied as such, unless some part of it is used as a store, shop, hotel or boarding house, or for some purpose other than a private residence."

It is doubtful whether the recitals in the affidavit are sufficient to bring it within the purview of the statute which demands two witnesses. On the face of the affidavit there is perceived no insufficient description.

In bill No. 2 it is stated that McDonald, a Federal officer, testified as follows:

"We did make a search and found two one-half gallon fruit jars full of corn whiskey."

There is nothing more stated, and so far as the facts are concerned, the bill does not show where the search was made. Appellant objected to the testimony on various grounds, but the

bill fails to contain any certificate of the judge to the effect that any of the grounds stated existed in fact. It is imperative that a bill of exceptions, to demand or authorize consideration, should state the facts upon which the objections are based, and the mere recital that certain objections were made does not comply with the law. See Belcher v. State, 96 Tex. Crim. Rep. 561, 258 S. W. 815; Plunk v. State, 98 Tex. Crim. Rep. 140, 265 S. W. 158; Stone v. State, 98 Tex. Crim. Rep. 364, 265 S. W. 900; Vernon's Tex. Code of Crim. Proc., Vol. 2, Art. 667, notes, pp. 368-369.

Bill No. 3 recites that A. H. Neely testified:

"We made a search and found one quart jar full of whiskey and one quart with a small quantity in it and two one-half gallons full of whiskey."

This bill fails to show when and where the search was made. Objection was urged against it upon several grounds, but touching this matter, the remarks made concerning bill No. 2 are pertinent.

Bill No. 4 relates to the testimony of the witness Goodwin, who testified thus:

"I raised up an art square, found a loose board in the floor and found the whiskey on the ground."

This, like the other bills mentioned, fails to give any facts such as would warrant the court in giving it consideration.

Bill No. 5 recites that after the state had rested, the defendant moved the court to instruct a verdict of "not guilty" for the reason that the witness Goodwin, in his direct testimony, testified:

"At the time we found this whiskey, Annie Lou made a statement right there about the whiskey. She said it was hers. She said she was sick and always kept some whiskey."

Appellant contends that said testimony was exculpatory; that there being no testimony or effort by the state to disprove the truthfulness thereof, she was entitled to a verdict of "not guilty." The court overruled the motion. This bill, like the others, gives no fact upon which it may be appraised. In support of the action of the court in overruling the motion, it must be assumed that he overruled it for some good cause. It would be assumed, if necessary, that the facts averred in the motion were not shown to be true. See Fowler v. State, 89 Tex. Crim. Rep. 623, 232 S. W. 515; Vernon's Tex. C. C. P., 1925, Vol. 2, Art. 667, p. 367, notes.

The evidence being sufficient to support the conviction, the judgment is affirmed.

*Affirmed.*