### Caesado Hernandez v. The State.

No. 10711.   Delivered October 12, 1927.

Rehearing denied March 28, 1928.

1.—**Manufacturing Intoxicating Liquor—Search Warrant—Description of House—Sufficient.**

Where a warrant described the premises to be searched as a "rent-house on the League Estate, inside field, 200 yards north of branch on League Estate, 5 or 6 miles S. E. Benjamin, Texas," and reciting that ———— Hernandez, Mexican, was in possession of the described premises and was keeping it for the purpose of manufacturing intoxicating liquor, such description was sufficient.

**2.—Same—Bill of Exception—Incomplete—Presents No Error.**

　Where the objection appears in the bill of·exception as a ground of of objection only, and is not certified to be true, as a fact such bill is defective, and presents no error.　See Savage v. State, 91 Tex. Crim. Rep. 438, and other cases cited in original opinion.

### ON REHEARING.

**3.—Same—Description of Premises—Sufficient.**

　On rehearing we find no reason to change our views as to the sufficiency of the description of the premises in the search warrant, as set out in our original opinion, and the motion is overruled.　Distinguishing Victor v. State, 15 Tex. Crim. App. 631, that has been overruled; Cresencio v. State, 73 Tex. Crim. Rep. 436.

　Appeal from the District Court of Knox County.　Tried below before the Hon. J. H. Milam, Judge.

　Appeal from a conviction for manufacturing intoxicating liquor, penalty two years in the penitentiary.

　The opinion states the case.

*James A. Stephens,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

　HAWKINS, JUDGE.—Appellant is under conviction for manufacturing intoxicating liquor, the punishment being two years in the penitentiary.

　Officers armed with a search warrant found in appellant's house the things described in the return on the warrant as follows: "Five quart fruit jars and one-half gallon jar full of intoxicating liquor.　One ten-gallon can used as still to cook, and one copper worm; candy bucket for cooler; about eighty gallons mash we destroyed, keeping sample of mash."

　Three bills of exception are found in the record.　They all relate to objections interposed to the search warrant and to evidence given by three officers who were present when the search was made.　The warrant described the premises to be searched as a "rent house on the League Estate, inside field 200 yards north of branch on League Estate, 5 or 6 miles S. E. Benjamin, Texas," and reciting that "Hernandez—Mexican" was in possession of the described premises and was keeping it for the purpose of manufacturing intoxicating liquor.　The warrant was attacked first, because of a claimed insufficient description of the premises to be searched.　We are of opinion

the description of the premises was sufficiently definite. The mandates of the Constitution (Sec. 9, Art. 1), and Code of Criminal Proc. (Arts. 4, 4a and 727a) are not thought to have been infringed upon. Wilson v. State, 290 S. W. 1103; Story v. State, 296 S. W. 296. The second objection urged to the warrant as stated in the bill of exception was:

"Because there were three or four different 'Hernandez' residing on said League Estate, and therefore that the search warrant did not designate the defendant."

The objection thus sought to be urged appears in the bill as a ground of objection only and is nowhere certified to be true as a fact. In this particular the bill is defective. Savage v. State, 91 Tex. Crim. Rep. 438, 239 S. W. 945; Smith v. State, 92 Tex. Crim. Rep. 446, 244 S. W. 522; Plunk v. State, 98 Tex. Crim. Rep. 140, 265 S. W. 158. Many other cases are collated under Sec. 209, Branch's Ann. Tex. P. C.

From what has been said it follows that the further objection to receiving the evidence of the officers as to what was found as a result of the search is untenable.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—As we understand appellant's motion for rehearing, he renews substantially the same questions passed upon in the original opinion. The record contains three bills of exception, each in substance identical, and complaining of similar testimony given by three witnesses. Mr. Melton, the sheriff, Mr. Collins, the constable, and Mr. Gay, a deputy sheriff, being the witnesses referred to. Each bill of exceptions sets out the search warrant and the return of the officer thereon, and appellant's objection to the testimony of the witness named. The objection made appears to have been the same in each bill; the same qualification to each bill by the trial court, also appears. From the evidence there appears to be at a certain point on the League Estate, some six miles southeast of Benjamin, Texas, a group of Mexican houses called "Little Mexico" or "Jaurez." The description of the premises to be searched is set out in the original opinion. Appellant seems to insist that to recite that one "Hernandez, a Mexican," was in possession of the described premises was insufficient, and he asks us to reconcile the holding, in regard to the name of a defendant

accused of crime, that "one Victor," a Mexican," was insufficient—with our holding in this case. The case referred to by appellant is Victor v. State, 15 Tex. Crim. App. 90. The holding in that case was reviewed in Wilcox v. State, 35 Tex. Crim. Rep. 631, where the contrary doctrine was laid down and all opposing opinions were overruled. See also Cresencio v. State, 73 Tex. Crim. Rep. 436. We are still of the opinion that the description of the property was sufficient to enable the officers to locate and distinguish it from other houses in the little settlement. As we understand this record the affidavits for search warrant were not attacked.

Being unable to agree with appellant's contention, the motion for rehearing will be overruled.

*Overruled.*