## WATSON v. STATE. (No. 11759.)

Court of Criminal Appeals of Texas. Oct. 3, 1928.

Dial & Brim, of Sulphur Springs, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The appellant very earnestly insists that there was error committed in receiving in evidence the testimony of the officers who made the search, which declaration was to the effect that the whisky belonged to him and that he did not sell it. On the trial the appellant denied making the statement.

We have reviewed the record in the light of the very careful analysis of the various bills of exceptions appearing in the opinion of the court overruling the motion for rehearing, and are confirmed in the view that the complaint of the receipt of the alleged declaration of the appellant is not presented for review. We are of the opinion, however, that in failing to present it for review no harm accrued to the appellant for the reason that the only plausible ground upon which a claim that the declaration should have been excluded could be put would have been the insufficiency of the search warrant. The attack made upon it is based upon an alleged insufficient description of the premises which follows:

" * * * Situated in said county and state a certain house, building and premises described as follows, to wit: Residence, smokehouse, storm cellar, or stormhouse, barn, seedhouse, and all other buildings, including the land on which the above is located *and all other land and buildings* they may have charge of which they know is in charge of Wayman Watson and his father, D. Watson."

The property searched was the residence occupied by the appellant and his son, situated in Rains county, about five miles from the county-seat, at which place the appellant had been living during the year. The appellant was present at his home at the time the search was made. There was found in the dwelling house (which seems to have been the only place searched) two gallons of whisky in different containers.

The appellant called his son, Wayman Watson, as a witness, and according to his testimony the whisky found by the officers was the property of the appellant. The appellant testified and admitted the possession of the whisky, but advanced the theory that it was kept solely for medicinal use.

The place searched is not believed to have been so indefinitely described in the search warrant as to render the warrant void. The general statement in the search warrant, which is underscored above—that is, "and all other land and buildings" etc.—is manifestly indefinite. Treating the general statement mentioned as surplusage, the warrant is not regarded as void. It is by no means a model, however, and the failure of the prosecuting officer to give a more accurate description of the premises in preparing the search warrant is not to be commended. The precedents cited in the note under section 119 of Cornelius on Search and Seizure are deemed to justify the conclusion stated above touching the sufficiency of the search warrant. See, also, Hernandez v. State (Tex. Cr. App.) 4 S.W.(2d) 82.

The privilege of filing a second motion for rehearing is denied.