**Herman THUMANN, Sr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43600.**

Court of Criminal Appeals of Texas.

April 20, 1971.

Rehearing Denied June 2, 1971.

---

Ted Dunnam, Port Lavaca, for appellant.

E. W. Patterson, Dist. Atty., Gonzales and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The appeal is from a conviction for theft of property over the value of $50.00. After a finding of guilty by the jury, the court assessed the punishment at two years.

The record reflects that a cattle trailer was taken from Dewey Goode in Weimar without his consent. The appellant, his son, Herman Thumann, Jr., and Johnny Arrendondo were seen at night in a pickup truck pulling the trailer loaded with cattle.

Both of the Thumanns were indicted, but the case was dismissed as to Herman Thumann, Jr., during the trial.

The appellant and his son, Herman, Jr., testified that on November 28, 1969, they with Johnny Arrendondo left their home in Victoria and drove some sixty or seventy miles to the stock pens of Dewey Goode in Weimar, took a trailer and drove some seven miles on a farm-to-market road and loaded some three head of cattle belonging to the son, Herman, Jr.

It was shown that the cattle actually belonged to Charles Hajovsky instead of the younger Thumann.

Charles T. Trefny testified that at approximately nine o'clock at night he was driving down the highway when he saw the lights of a vehicle approaching on a lane toward the highway, and some one hundred yards before it reached the black top road, the lights were cut off. Trefny then turned his automobile and threw the lights on a pickup truck with the cattle trailer behind it. The lights of the pickup truck were then turned on and it speeded up. Trefny followed and got the license number of the truck and called the authorities. The appellant, his son and Arrendondo were stopped that night in the pickup truck in Hallettsville. The cattle were still in the trailer. The Thumanns were taken to Columbus and charged with cattle theft. It appears that Arrendondo was a minor and apparently was not charged. The Thumanns remain in jail on the cattle theft charge until December 4, 1969 when they were released on bail.

During the afternoon of December 4, 1969, Goode reported that his trailer was missing. The officers were unable to find or get any information about it. They did not connect the trailer that contained the cattle on November 28, as the one taken from Goode. While the Thumanns were in jail, the trailer had been parked at Midway at a place owned by appellant's former wife.

After the Thumanns were released their attorney took them to the parked trailer at Midway. Appellant testified that they then returned the trailer to the place where they got it. The trailer was not found at Goode's place, but on December 5th it was found on IH 10, a freeway approximately a mile and a half from Weimar.

Goode identified the trailer from a picture that had been taken when the Thumanns were apprehended. When the officers went to Midway to get the trailer, it had been moved. They finally located it at a motel in Columbus where a wrecker had taken it from the freeway. Goode testified that he had given no one permission to take the trailer. He could not account for the red paint and the initials that had been placed on the trailer after it had been taken from his place. The value of the trailer was shown to be over $50.00.

The appellant testified that he had borrowed the trailer from Goode on four or five prior occasions. Goode testified that several years before, the appellant had borrowed the trailer one time.

The court instructed the jury to acquit if appellant and his son took the trailer to use it temporarily and if there was no intent to deprive the owner of its value.

In his first two grounds of error appellant complains of the failure of the State to grant him a full and fair examining trial when timely requested. The rule is well settled that the return of an indictment eliminates the necessity for an examining trial. Montoya v. State, Tex.Cr. App., 464 S.W.2d 853; Harris v. State, Tex.Cr.App., 457 S.W.2d 903; Johnson v. State, 453 S.W.2d 840; Ash v. State, Tex. Cr.App., 420 S.W.2d 703. No reversible error is shown.

In the third ground of error, complaint is made of the failure of the trial court to grant appellant's motion for mistrial after the State elicited from Deputy Sheriff Esterling an alleged admission made by the appellant. Deputy Esterling testified that appellant told him that he had gotten the trailer from a Mexican. An objection by the appellant was sustained, and the jury was instructed to disregard the statement. The motion for mistrial was overruled.

The statement was made after the bond on the charge of cattle theft had been approved. At that stage, appellant was free to leave the police station.

The statement was made prior to the time the police had begun any investigation of the trailer theft. This was not at an investigatory stage, much less the accusatory stage. Ordinarily, statements by one in custody about a crime for which he is being held are not admissible under Article 38.22, Vernon's Ann.C.C.P. Garner v. State, Tex.Cr.App., 464 S.W.2d 111. However, under the facts of this case where appellant was out on bail even though he was still at the jail, and the trailer theft had not been reported, the provisions of

Article 38.22, supra, and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694, do not apply.

Ground of error number three is overruled.

Appellant next complains that the court permitted the State to ask Herman Thumann, Jr. if he told the officers that he bought the trailer from a Mexican.

The witness took the stand as a defense witness after the State had dismissed the case as to him. On cross-examination he was asked if he had not told someone that he got the trailer from a Mexican. Appellant contends that these statements amounted to a confession by the son and were therefore inadmissible. The attempt to show the statement did not amount to a confession, but was asked for purposes of laying a predicate in order to show a prior inconsistent statement. Ground of error number four is overruled.

Ground of error number five complains of the trial court's refusal to grant appellant's motion for an instructed verdict. The trial court is presumed to have had good cause in overruling a motion for an instructed verdict. Wilson v. State, 106 Tex.Cr.R. 75, 290 S.W. 1103. There was sufficient evidence to support the conviction. There was conflicting evidence and it was a matter for the jury to decide. Ground of error number five is overruled.

In ground of error number six complaint is made of certain remarks of the trial judge that occurred while the defense witness Herman Thumann, Jr., was testifying.

The appellant objected to a question about a prior inconsistent statement and the court stated:

"This man is not being tried. The State dismissed against him, and you knew what the facts were when you put him on."

Appellant objected to the comments of the judge. A motion for mistrial was over-

ruled. We conclude that the remarks were not such as were reasonably calculated to prejudice the rights of appellant. Byrd v. State, Tex.Cr.App., 421 S.W.2d 915; Howard v. State, Tex.Cr.App., 420 S.W.2d 706.

Ground of error number six is overruled.

 Appellant's final ground of error pertains to an alleged effort by the State to introduce evidence of the fact that appellant was in jail for the theft of the cattle that he was hauling in the trailer. Prior to the trial on the merits appellant presented to the court a motion in limine to prohibit the State from showing or alluding to that fact.

On cross-examination, appellant testified that on the night in question he had gone to pick up cattle belonging to his son. Appellant was then asked whether he knew that the cattle were now being claimed by someone else, and if he knew why he was in jail. Objection was made to the question and was sustained. No further relief was then requested. No reversible error is shown.

The judgment is affirmed.