## IKE TALBOT v. THE STATE.

### No. 435.   Decided February 23, 1910.

**1.—Murder—Continuance—Bill of Exceptions.**

Where, upon appeal from a conviction of murder in the second degree, there appeared no bill of exceptions in the record to the court's action in overruling appellant's application for continuance, there was no error.

**2.—Same—Charge of Court—Insanity.**

Where, upon appeal from a conviction of murder in the second degree, appellant did not point out in what particular the court erred in his charge on insanity, the same could not be revised.

**3.—Same—Definition of Negligent Homicide of the Second Degree.**

Negligent homicide of the second degree can only be committed when the person guilty thereof was in the act of committing a misdemeanor, and there must be no apparent intention to kill, and the burden of proof is upon the State.

**4.—Same—Charge of Court—Negligent Homicide of the Second Degree.**

Where, upon trial for murder, the court in his charge on negligent homicide in the second degree instructed the jury that if they believed from the evidence beyond a reasonable doubt that the defendant struck the deceased with a stick, with no apparent intention of killing deceased, the same was not a charge shifting the burden from the State to the defendant.

Appeal from the District Court of Williamson.   Tried below before the Hon. Charles A. Wilcox.

Appeal from a conviction of murder in the second degree; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Chas. L. Harty,* for appellant.—On the question of the court's charge on negligent homicide: Logan v. State, 48 S. W. Rep., 575; Powell v. State, 28 Texas Crim. App., 393, 13 S. W. Rep., 599; Murray v. State, 1 Texas Crim. App., 417; Alexander v. State, 17 Texas Crim. App., 614; White v. State, 23 Texas Crim. App., 154.

On the question of the necessity of the charge on reasonable doubt as to the degree of negligent homicide: Murray v. State, 1 Texas Crim. App., 417; Lister v. State, 1 Texas Crim. App., 739.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for murder in the second degree with a penalty of ten years in the penitentiary.

Briefly stated, the facts are as follows: The appellant, Ike Talbot, and the deceased, Jack Florida, together with some other parties, were all working on the county roads of Williamson County as county convicts, under the supervision of one Arthur Farris. Ike Talbot was a negro boy about sixteen or seventeen years of age. These parties were working some twelve miles south of Taylor. At the particular time of the difficulty, on the 17th day of March, 1909, the appellant in company with two white boys were dragging brush. The brush was being placed in the road and the deceased was throwing dirt upon it. As appellant started back after dropping his load of brush he picked up a stick and struck the deceased, Florida, across the head; the lick knocked the deceased down. Parties that were with him picked him up and carried him down to the creek, washed his head, and as they started back with him the deceased hollowed, "My head is killing me," and became unconscious and remained in that condition three or four days and died. Farris, the party who had the man in charge, stated that at the time that appellant struck the deceased, he, the witness, said to him, appellant, "Ike, stop that," and the witness further said to the appellant, "You ought not to have done that." When appellant remarked that he would not have done it if Henry had not told him to. This witness further stated that the deceased went off crying. It seems that the appellant and the deceased had been, as one witness explained it, "pecking at one another" for several days, and that the best of feeling did not exist between them. The deceased lived several days before he died, and it may be stated that there is no doubt but that the lick killed him. It was further proved that at the time the appellant struck the deceased he stated to him, "I guess you will quit fooling with me now." It further appears from the testimony that the appellant was not a very bright boy, and there was some testimony that about the time he struck deceased one of the convicts asked another one of the parties if he was willing to throw in fifteen cents to get Ike to hit the deceased, and the testimony somewhat indicates that the other

convicts urged appellant on to striking the deceased. The stick was shown to be a heavy stick, and in the hands of an ordinary man death could be inflicted with it.

1. The case was submitted to the jury by the court below on murder in the first degree, second degree, manslaughter, negligent homicide, and also the court submitted to the jury the issue of appellant's insanity. The action of the court below in overruling the application for a continuance, and in the admission and rejection of testimony can not be revised by this court in the absence of bills of exceptions.

2. Appellant, in his motion for new trial, complains that the court erred in his charge to the jury upon the issue of insanity. In what particular the court omitted to instruct the jury on the question of insanity we are not advised by this motion, and under the rules laid down by this court this ground is too general to be considered. The motion should disclose and point out the particular omission or error that the court committed in his charge, and in the absence of this we can not revise the action of the court below.

3. Appellant complains, in his fourth ground, that the court erred in that part of his charge in which negligent homicide of the second degree was submitted to the jury, in that said charge did not submit all the law applicable to the said issue, and because said charge is so framed as to deprive the appellant of the benefit of the reasonable doubt upon the issue of negligent homicide of the second degree, and that the same required the defendant to prove beyond a reasonable doubt that there was no apparent intention on the part of the defendant to kill the deceased; and it is claimed that to make the defendant guilty of a higher grade of homicide, the jury must believe beyond a reasonable doubt that there was an actual intention to kill. No complaint is made that the court should not have submitted the issue of negligent homicide, but the contention of appellant in the court below and before this court is that negligent homicide was in the case. Without passing upon the question as to whether negligent homicide was in the case or not, we are inclined to hold that the charge of the court was not error. As we understand the law, to constitute negligent homicide the act must be unlawful and a misdemeanor and must be accompanied by a want of proper care and caution. There must be an apparent danger of causing the death of the person killed and there must be no apparent intention to kill. See articles 683, 684, 685, 686, 687, 688, and 689 of the Penal Code. Article 693 provides that negligent homicide of the second degree can only be committed when the person guilty thereof is in the act of committing, or attempting the commission of an unlawful act. Article 694, in defining an unlawful act, says such acts as by the Penal Code are called misdemeanors. Article 689 says: "There must be no apparent intention to kill." Applying these provisions of the Code to the charge in this case given, we think that the charge is not subject to the objection made by appellant,

4. It is claimed that the charge was erroneous in that it required the appellant to prove beyond a reasonable doubt that there was no apparent intention to kill. The gravamen of the offense of negligent homicide is that there must be no apparent intention to kill. If there was an intention to kill, then negligent homicide would not be in the case. Now, the court in his charge to the jury, charged them as follows on this subject, after defining negligent homicide of the second degree: "Now, if you believe from the evidence beyond a reasonable doubt that the defendant, Ike Talbot, struck the deceased with a stick or a club, with no apparent intention of killing deceased, if he did so, defendant was not acting in self-defense," etc. It will be borne in mind that here the court was making the application of the principles of law as applicable to negligent homicide. One of the elements of negligent homicide is that there must be no apparent intention to kill. Therefore, it was essential for the State to prove beyond a reasonable doubt, first, that appellant struck deceased with a stick, and, second, that there was no apparent intention to kill, and, third, that there was an apparent danger of causing the death of the party, and, fourth, that the death of the deceased resulted in consequence thereof. These are the constituent elements of negligent homicide, and where a party is being tried and a conviction sought for that offense, the State is required to prove these elements beyond a reasonable doubt. Therefore, without deciding whether negligent homicide was in the case or not, and in view of the fact that appellant has not complained that the court submitted the issue of negligent homicide to the jury, we hold that the charge as given by the court is not subject to the criticism leveled against it by the appellant, and that there was no error committed in the trial of this case. The judgment is affirmed.

*Affirmed.*