### B. J. PHILLIPS V. THE STATE.

No. 9768.    Delivered February 17, 1926.

Rehearing denied May 26, 1926.

1.—Possessing Equipment, etc.—Charge of Court—On Circumstantial Evidence—Properly Refused.

Where, on a trial for possessing equipment for the manufacture of intoxicating liquor, evidence for the state established that appellant was found by officers at his home in a drunken condition, with a complete still, mash, etc., in his possession, a charge on circumstantial evidence was properly refused. See Branch's Ann. P. C. Sec. 1874, p. 1039. Pabst v. State, 259 S. W. 577.

2.—Same—Argument of Counsel—No Error Presented.

Where, a bill of exception conplains of the argument of counsel for the state and such bill is qualified by the trial court to the effect that some of the objectionable remarks were withdrawn from the consideration of the jury, and the other remarks complained of were in answer to the argument of the defendant's counsel, no error is shown. When counsel for appellant accepts the qualification of his bill, this court considers the bill as qualified.

3.—Same Declarations of Accused—Res Gestea—Properly Received.

Where, on a trial for possessing equipment, etc., appellant was asked by officers at the time of his arrest what had become of the whiskey, and replied that it was thrown out, such statement so made was a res gestae declaration and was properly admitted.

4.—Same—Evidence Irrelevant—Properly Excluded.

Where appellant on trial for possessing equipment, etc., was not permitted, while testifying in his own behalf, to say what a pint of whisky would cost in the city of Dallas, and what he earned per day, being irrelevant to any issue in the case, there was no error in excluding such testimony.

5.—Same—Evidence—Bill of Exception—Qualification by Court—Appellant Bound By.

Where a bill of exception complains of the admission of a statement of the accused made while under arrest offering the sheriff $100 to say nothing about what he found, is qualified by the court with the statement that such testimony was not objected to by appellant because made while under arrest, and that the statement was a part of the res gestae, no error is shown. Where counsel accepts a bill as qualified, he becomes bound by the qualifications, as this court has frequently heretofore announced.

ON REHEARING.

6.—Same—Bills of Exception—Incomplete—No Error Shown.

Where a bill of objection consists wholly of the grounds of objection to the court's action, and can in no sense be considered as a certificate of the truth of the matters urged as objections, this court has so repeatedly held that such a bill is insufficient, that we refer only to the authorities collated by Mr. Branch, under Sec. 209 Branch's Ann. P. C. and under Note 38, page 557, of Vernon's 1916 Am. State, Vol. 2.

7.—Same—Bill of Exception—Qualification of Court—Appellant Bound By.

When a party without objection accepts a bill which has been qualified by the trial court he is bound by the recitals in the qualifications. An unbroken line of opinions by the court has followed this rule of practice. See Sec. 215, Branch's Ann. Tex. P. C. and Note 35, page 556, Vernon's 1916 Crim. Stats., Vol. 2, for authorities.

Appeal from the Criminal District Court No. 2 of Dallas County, tried below before the Hon. C. A. Pippen, Judge.

Appeal from a conviction for possessing equipment for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*John T. Spann* of Dallas, for appellant.

*Shelby S. Cox,* District Attorney Dallas County, *William Mc-Craw,* Assistant District Attorney of Dallas County, *Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the Criminal District Court No. 2 of Dallas County for the offense of having equipment in his possession for the manufacturing of intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The record in this case discloses upon the part of the state that when the sheriff and his deputy went to the house of the appellant, that they found a 25-gallon still set up, warm,

and some whiskey running or had run out of said still into a ten gallon jar. They also found about 60 gallons of mash in the house and room where the still was located. Said officers testified that they found the appellant in the back yard in a state of intoxication, and when he was asked what he had done with the whiskey, replied that it had been poured out.

It was contended upon the part of the appellant that he found the still in question, and had attempted to install it and make whiskey from the mash found in the house, but his efforts were unsuccessful, and that he had been trying to make it for his own personal use, on account of suffering from lung trouble.

Appellant complains of the action of the court in refusing to submit a charge on circumstantial evidence. Under the facts of this case there was no issue raised authorizing such a charge. The undisputed and positive evidence in the record shows the appellant had the equipment in his possession, and under such facts, it was not error to refuse such a charge. Branch's Ann. P. C., Sec. 1874, p. 1039. Pabst v. State, 259 S. W. 577.

Complaint is made to the remarks of the Assistant District Attorney in his closing argument to the jury, as shown by appellant's bills of exceptions, which are qualified by the court showing that some of the objectionable remarks were withdrawn from the consideration of the jury, and the other remarks complained of were in answer to the argument of the defendant's counsel. As presented and qualified neither of said bills shows any error.

Complaint is also made to the action of the court in permitting the deputy sheriff to testify to the statements of the appellant made at the time of the arrest and the discovery of the still in question, to the effect that the whiskey was thrown out. There was no error in the admission of this testimony, and same comes clearly within the rule of res gestae, as shown by the court's qualification of said bill. Stone v. State, 265 S. W. 900.

Appellant complains of the action of the court in not permitting him to testify the reason why his friend from Alabama furnished the money with which to buy the mash in question if he, the appellant, was able to do so. This bill states that said appellant would have testified that his financial condition would not permit him to take the risk of loss, and that his

friend had not convinced him that whiskey could be made with said equipment. This bill as presented shows no error in the rejection of said testimony by the court at the instance of the state.

Objection is also urged to the action of the court in refusing to permit the appellant to testify in his own behalf what a pint of whiskey would cost in Dallas, and what he, appellant, earned per day. We fail to see how the admission of this testimony would throw any light on this case, and are of the opinion that the court properly excluded same.

Appellant complains of the action of the court in permitting the state to ask the sheriff relative to the appellant's offering him $100.00 to say nothing about what he had found, and to the state's cross examining the appellant himself as to said matter; the appellant contends that at the time he was under arrest. The court's qualifications to said bills show when the appellant was being interrogated about it, appellant's counsel did not object on the ground that he was under arrest, and that when the state was interrogating the sheriff relative to it, the appellant's counsel raised the objection that said appellant was then under arrest and the court sustained same, although the court states in his qualification to said bill, "The evidence was part of the res gestae." With the court's qualification to the bill, it is clearly shown that no injury occurred to the appellant, and the appellant's counsel having accepted the bill with the qualification thereon made, became bound by it, as this court has frequently heretofore announced.

After a careful examination of the entire record, and finding no reversible error therein, we are of the opinion that the judgment of the trial court should be in all things affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant complains because we did not discuss his first bill of exception. It reveals that the sheriff was recalled by the state for further examination and upon cross-examination counsel for appellant asked "Did you testify

awhile ago that you found a burner there?" to which the witness answered, "No, I did not," whereupon the court said to counsel, "Don't go into those things, we have already been into it." The remainder of the bill consists wholly of the grounds of objection to the court's action, and can in no sense be considered as a certificate of the truth of the matters urged as objections. This court has so repeatedly held that such a bill is insufficient that we refer only to the authorities collated by Mr. Branch under Sec. 209, Branch's Ann. Tex. P. C., and under note 38, page 557, Vernon's 1916 Cr. St., Vol. 2.

Appellant complains because the court considered the qualification on some of his bills which he claims is contradictory of the bills. When a party without objection accepts a bill which has been qualified he is bound by the recitals in the qualification. (See Sec. 215 Branch's Ann. Tex. P. C., and note 35, page 556, Vernon's 1916 Cr. St., Vol. 2, for authorities.)

In view of the motion for re-hearing we have again examined all the bills. Taken together with the qualifications no error is shown.

The motion for rehearing is overruled.          *Overruled.*