THELBERT SELF V. THE STATE.

No. 18940.   Delivered April 7, 1937.

The opinion states the case.

... *J. B. Dibrell, Jr.*, of Coleman, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is negligent homicide of the first degree; the punishment, a fine of five hundred dollars and confinement in jail for ninety days.

We quote the charging part of the complaint, as follows:

"Thelbert Self was then and there engaged in the performance of a lawful act, to-wit: driving and operating an automobile upon a public highway to-wit; upon what is known as the Middle Gouldbusk road, in ·Coleman County, Texas, and the said Thelbert Self while so driving and operating said automobile aforesaid, there being no apparent intention to kill, did then and there by his negligence and carelessness in the operation of said automobile cause said automobile so driven and operated by him to strike and collide with an automobile occupied by Mrs. R. L. Holt on said road, thereby injuring, jarring and bruising the body of her, the said Mrs. R. L. Holt, from which injuries she, the said Mrs. R. L. Holt, then and there died; and the death of the said Mrs. R. L. Holt was then and there caused by the negligence and carelessness of the said Thelbert Self in so carelessly and negligently driving and operating said automobile so operated by him; there being then and there an apparent danger of causing the death of the said Mrs. R. L. Holt and of other persons on said highway by the said Thelbert Self while driving as aforesaid, which danger would have been known to the said Thelbert Self if he had used that degree of care and caution which a man of ordinary prudence would have used under like circumstances."

The averments in the information follow those embraced in the complaint.

Appellant's contention that the complaint and information are defective in failing to allege the facts which showed negligence and carelessness must be sustained. See Worley v. State, 231 S. W., 391.

Art. 1237, P. C., reads as follows:

"Negligent homicide of the first degree shall be punished by confinement in jail not exceeding one year, or by fine not exceeding one thousand dollars."

In the charge the court defined negligent homicide of the first degree and correctly stated the penalty. The jury returned a verdict reading as follows:

"We the jury find the defendant guilty and assess his pen-

alty at (90) ninety days in jail and a fine of ($500) five hundred dollars fine. Tom Landrum, Foreman."

The trial court received the verdict and entered a judgment thereon condemning appellant to confinement in jail for ninety days and assessing a fine against him of five hundred dollars. It has been observed that Art. 1237, supra, nowhere permits the punishment to be by fine and imprisonment in jail. Hence the verdict is void. See Thomas v. State, 211 S. W., 453.

The judgment is reversed and the prosecution ordered dismissed.

*Judgment reversed, and prosecution ordered dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.