ALLEN BLAKE V. THE STATE.

No. 20066. Delivered January 4, 1939.

The opinion states the case.

*M. Reynolds* and *D. G. Reynolds,* both of Shamrock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is an assault with intent to rape; the punishment assessed is confinement in the state penitentiary for a term of ten years.

Appellant urges two grounds upon which he relies for a reversal of this case. The first is that the trial court erred in overruling his application for a continuance based upon the absence of his wife by whom he expected to prove, and claims he would have proved, that on the night in question she came after him in an automobile about two or two-thirty A. M. and carried him home where he went to sleep and slept for the remainder of the night.

It appears from the record that he and his wife had separated about three weeks prior to the trial. That he had received a letter from her the day before his trial stating that she would not attend the trial. This letter, he says, was apparently written from some place in Oklahoma, but according to the allegation in his application he did not know just where she was. The court overruled the application but no exceptions seems to have been taken and the matter is not brought before us by a proper bill of exception. If any exception at all was taken, it does not appear in the record. Under these circumstances, the court's ruling cannot be reviewed. See Jennings v. State, 66 Tex. Crim. Rep., 653; Talbot v. State, 125 S. W., 906; Wormley v. State, 65 Tex. Crim. Rep., 48.

The second ground relied on by appellant is the claimed insufficiency of the evidence. We have examined the testimony with great care in order to determine its sufficiency to sustain the conviction. Prosecutrix makes a clear case against appellant. That she was mistreated by some ruffian is shown beyond a doubt. Three of her upper front teeth were knocked out and she was bleeding from her mouth when she found the nightwatchman to whom she reported the matter within fifteen minutes after it occurred. He was the first person she saw after the assault. She told him that appellant had assaulted her and at the trial she positively identified him as the man who beat her and sought to have sexual intercourse with her. The nightwatchman testified that he was standing in front of a restaurant about 2:30 A. M. talking to the appellant when prosecutrix emerged from the restaurant and started walking down the street. That appellant immediately followed her, took her arm and they walked down the street in the general direction of where the assault was committed.

The doctor who examined her a short time after the assault

testified that he found many bruises on her face and body. The only controverted issue was the identity of the person who committed the offense.

We deem the evidence sufficient to sustain the conviction.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.