## R. B. LEAVELL V. THE STATE.

No. 20645. Delivered February 21, 1940.

The opinion states the case.

*J. T. Adams,* and *D. C. Bennett,* of Orange, and *R. H. Jernigan,* of Port Arthur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in the County Court of Orange County on a complaint and information alleging negligent homicide and appeals from a fine of $250.00.

The evidence in the case is to the effect that on November 30, 1938, the appellant was driving his automobile in a northerly direction onto and across State Highway No. 3, leading from Orange to Beaumont, upon which a car with four occupants was going west. It is alleged that appellant failed to stop at the intersection of the road on which he was traveling with the main State Highway No. 3, and failed to respect the right of the party in the car traveling westward and approaching from his right and did not yield the right-of-way to said car. Because of these violations of the law of the road, it is alleged that he negligently collided with said car so approaching the appellant from his right and by such negligence and carelessness in the performance of such unlawful acts, caused the death of Jerome Burton.

A number of witnesses testified, including those riding in the car with the victim. There is some difference of opinion as to how the accident occurred, it being the contention of the appellant that the car on Highway No. 3 ran into his car. The evidence of no witness is sufficient under the physical facts of this case to justify the appellant in failing to yield the road to the car approaching from his right. In addition, the jury's finding precludes any further consideration of the controverted issues inasmuch as the trial court properly submitted them for the jury's consideration.

The chief question in this appeal is whether or not the complaint and information in the case are sufficient to apprise the appellant of the charge for which he is tried. The material part of the information reads as follows: "That R. B. Leavell, on or about the 30th day of November, A. D. 1938, and before the making and filing of this Information, in the County of Orange, State of Texas, was in the performance of an unlawful act, to-wit, the said R. B. Leavell was operating a motor vehicle upon a public road and arriving at intersection thereof with a public highway, to-wit: State Highway No. 3, failed to stop before driving said automobile upon State Highway No. 3 and did then and there fail to yield the right-of-way to the automobile then and there driven by Jerome Burton on said State Highway No. 3 and which was then and there approaching said intersection from the right side of the said R. B. Leavell, and did then and there in the performance of said act, by negligence and carelessness cause the death of Jerome Burton by then and there colliding with the car operated by Jerome Burton, whereby the said Jerome Burton was crushed, mangled, and killed by the said collision; there being

then and there an apparent danger of causing the death of the said Jerome Burton, which danger would have been known to the said R. B. Leavell if he had used that degree of care and caution which a man of ordinary prudence would use under like circumstances."

The objection raised to this is that, according to the appellant's construction, he was charged with three distinct offenses: First, failing to stop before driving upon Highway No. 3; second, failing to yield the right-of-way to an automobile approaching him from his right; and third, causing the death of Jerome Burton by then and there colliding with the car operated by Jerome Burton.

Negligent homicide is of two kinds. The first is such as happens in the performance of a lawful act, and the second is that which occurs in the performance of an unlawful act. One is guilty of negligent homicide of the first degree when the death of the party results from negligence in the performance of a lawful act. A lawful act, as defined by our statute (Art. 1231, P. C.) is one not forbidden by the penal law and which would give no just occasion for a civil action. Negligent homicide of the second degree can only be committed when the person guilty is in the act of committing or attempting to commit an unlawful act. An unlawful act is defined by our statute (Art. 1240, P. C.) as being such acts as are forbidden by the penal laws classed as misdemeanors and by such acts, not penal, as would give just occasion for a civil action.

The court's charge in this case limited the jury to the consideration of negligent homicide of the second degree. His definition of this act narrows the offense to such acts as are committed in violation of the penal laws of the State classed as misdemeanors, and fails to include that which would give rise to a civil action. This discrepancy could not have harmed the appellant. We quote from the court's charge as follows:

"Now bearing in mind the foregoing instructions, you are further instructed that if you believe from the evidence, beyond a reasonable doubt, that on or about the 30th day of November, A. D., 1938, in the County of Orange, State of Texas, the defendant was in the performance of an unlawful act, to-wit: While operating a motor vehicle upon a public road in said county and arriving at intersection thereof with a public Highway, to-wit: State Highway No. 3, failed to stop before driving said automobile upon said Highway No. 3 and did then and there and thereby fail to yield the right-of-way to the automobile then and there driven by Jerome Bur-

ton, if any, on said Highway No. 3 which was then and there approaching said intersection from the right of said R. B. Leavell and did then and there in the performance of said unlawful act, if any, and without any apparent intention to kill, did then and there by negligence and carelessness collide with the car operated by the said Jerome Burton, if any, whereby the said Jerome Burton was crushed, mangled and killed in and by said collision, and you further find there was apparent danger of causing the death of said Jerome Burton, by such failure to yield the right-of-way to said Jerome Burton, if any, which danger would have been known to the said R. B. Leavell if he had used that degree of care and caution which a man of ordinary prudence would use under like circumstances, you will find the defendant guilty of negligent homicide in the second degree and assess his punishment at imprisonment in the county jail not exceeding three years or by fine not to exceed the sum of three thousand dollars."

By this charge the court has presented the law as it was enacted by the Legislature. Matters of affirmative defense were also embraced within said charge. Had the complaint and information in this case failed to allege the unlawful acts of failing to stop and failing to yield the right-of-way, or one of them, it would have been fatally defective. Self v. State, 104 S. W. (2d) 16. The allegations of the unlawful acts set forth in the affidavit and information are essential elements to negligent homicide of the second degree without which there would be no basis for the charge. Morgan v. State, 120 S. W. (2d) 1063.

We are unable to find the confusion in the information as contended in the appellant's brief. While there may be some superfluous words, it is clearly and properly alleged that appellant was guilty of negligent homicide of the second degree, i.e. he negligently caused the death of Jerome Burton while he (appellant) was performing an unlawful act, to-wit: failing to yield the right-of-way to a car approaching from his right. The allegation that he failed to stop at the sign may be a part of the same act, or it may be treated as a surplus allegation.

The other bills of exception in the case do not, in our opinion, require a discussion and are overruled.

The case is affirmed.