DUREN TAYLOR V. THE STATE.

No. 23403. Delivered June 26, 1946.
Rehearing Denied October 16, 1946.

*Harvey P. Shead,* of Longview, for appellant.

494

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the murder, without malice, of Adolphus Young, and given a penalty of five years, and he appeals.

There are several bills of exceptions found in the record, all of them filed too late.

It appears from the record that this cause terminated in the lower court on January 19, 1946, by an overruling of the motion for a new trial, at which time a notice of appeal was given, and no time set for the preparation of the bills of exceptions and statement of facts. In this condition we revert to the statute, Art. 760, sub. 5, C. C. P., which allows 30 days for the preparation of the bills of exceptions, subject, however, to be properly increased to not longer than 90 days from the giving of notice of appeal; but this additional time should be granted during the statutory thirty days if no particular time has been set by the trial court. It appears from the record that on March 19, 1946, appellant requested 20 days additional time in which to make and file these matters, which request was granted by the court, but such order was entered forty-eight days after notice of appeal was given. The trial judge had no power to extend such time except during the 30 days granted by statute.

The statement of facts, however, being governed by the statute and filed within the 90 days allowed therefor, we proceed to consider the same.

The appellant and deceased were negroes, and appellant was a taxicab driver in the city of Longview, and on the night when the homicide occurred the deceased was sitting in a car parked near the hotel where appellant's taxicab stand was located. Appellant and his father drove up near this parked car and got out of the taxicab and approached deceased, and, according to the State's testimony, appellant said to deceased: "You laying for me, ain't you?" whereupon deceased replied: "No, I ain't laying for you," at which time appellant pointed his pistol at deceased and snapped the same once or twice, and then fired two or three times, striking the deceased, who soon died from such shots. At this time appellant's father said to him "Come on; who don't like it? What s-of-a-b don't like it? and they drove away.

Appellant's version of the difficulty varies somewhat from the State's version. He claims that some months prior to the killing he had picked up in his taxicab deceased's wife and a small girl and taken them to their home. That thereafter deceased had talked to appellant and told him to let this wife alone; that if he did not deceased would kill him. Again it is shown by numerous witnesses for appellant that on the night of the killing, as well as before, deceased had repeatedly threatened to take appellant's life, and some of these threats had been communicated to appellant. That appellant stayed away from his taxicab stand for quite awhile because he had ascertained that deceased was near there. Finally, after procuring the company of his father, appellant armed himself with his pistol and drove up to his station. Seeing deceased parked in his car nearby, he approached him, and "walked up to his car and he said 'I will kill you,' and cursed, * * * and he come down this way and come up with his gun, and when he done that I backed back and shot him. * * * I shot him because I felt like he was going to kill me. I am sorry I done it now, but he was going to kill me. That was after he had made those threats and I was afraid."

The State offered testimony contradictory of the appellant's and thus created an issue to be settled by the jury. The court's charge comprehended the issues presented by the testimony and no objections thereto appear in the record. The facts are deemed sufficient to justify the verdict of the jury of murder without malice and a term of five years.

It is noted, however, that the sentence fails to take cognizance of the indeterminate sentence law, and the same is here amended so as to provide confinement in the State penitentiary for a term of not less than two nor more than five years, and as thus amended the judgment will be affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant insists that his bills of exception should be considered. For the very clear reason shown in our original opinion, they are not properly in the record.

We have again carefully re-examined the facts. The State's evidence supports the verdict and judgment.

The motion for rehearing is overruled.