## SIMON ADAMS V. STATE.

No. 24321. April 27, 1949.
Appellant's Motion For Rehearing Denied June 24, 1949.
Appealed to the Supreme Court of the United States
Petition for Writ of Certiorari Denied by Supreme
Court of the United States December 19, 1949,
Filed in Texas Court of Criminal Appeals January 4, 1950.

*Spiner & Pritchard,* and *King C. Haynie* (on appeal only) of Houston, for the appellant.

*A. C. Winborn,* Criminal District Attorney, *E. T. Branch,* Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is negligent homicide. The punishment assessed is confinement in the county jail for a period of one year.

It appears from the record that on the trial of his case appellant waived a jury and entered a plea of not guilty to the court. The court found him guilty as charged and assessed his punishment as above stated.

In the trial court, he challenged the sufficiency of the complaint and information. The information which follows the language of the complaint is in conformity with that in the case of Leavell v. State, 138 Tex. Cr. R. 471 (137 S. W. 2d 40). In that case we held the complaint sufficient.

By Bill of Exceptions No. 1 he complains of the testimnoy given by one Fabian to the effect that he interviewed the appellant while at the hospital; that appellant told him that he

did not stop at the stop sign because he was driving too fast when he saw the stop sign. The objection urged to the testimony was that the purported statement was an oral statement; that the witness had at the same time obtained a written statement; that the written statement was the best evidence. The objection was overruled and he then made the further objection that the written statement was available to the witness and therefore the oral statement should be stricken. This objection was also overruled and he excepted. This bill is deficient in that there is no certificate by the court that the witness had obtained a written statement from appellant and that it was available. Such statement appears only in his objection. The statement of the grounds of objection can in no sense be considered as a certificate by the court of the truth of the matter contained in the objection. See Plunk v. State, 98 Tex. Cr. R. 140 (265 S. W. 158); Phillips v. State, 104 Tex. Cr. R. 308 (283 S. W. 817); Hernandez v. State, 109 Tex. Cr. R. 246 (4 S. W. 2d 82); Jones v. State, 122 Tex. Cr. R. 346 (55 S. W. 2d 560); Taylor v. State, 149 Tex. Cr. R. 493 (196 S. W. 2d 520); and Buchanan v. State, 107 Tex. Cr. R. 559 (563) (298 S. W. 569).

Bill of Exceptions No. 2 is equally deficient in that it fails to negative the fact that the statement made by appellant to the officer was not a part of the res gestae, nor is there any certificate by the court that appellant was under arrest at the time.

Bills of Exception Nos. 3 and 4, are, in our opinion, without merit and are overruled.

Bill of Exception No. 5 reflects the following occurrence: While officer Ed White was testifying he was asked by the district attorney whether the stop sign at the intersection of Scott Street and South MacGregor Drive was a regular stop sign placed there by the city of Houston. Appellant objected to the question of whether or not it was a regular stop sign since it called for the conclusion of the witness. The court sustained the objection to "whether it was regular," but overruled the objection to the remainder of the question. Thereupon, the witness answered that it was placed there by the city of Houston and no further objection was interposed. The district attorney then asked the witness if the stop signs were to regulate traffic on Scott Street. Appellant objected to counsel's statement on the ground that the stop signs were for any purpose and on the further ground that there was not any allegation of any ordinance of the city. "A stop sign at that point has no significance."

The court overruled the objection and he excepted. We are of the opinion that it is common knowledge that stop signs and stop signals at intersections of streets in a city are placed there to regulate traffic.

What we have said in disposing of Bill of Exceptions No. 5 applies to Bill of Exceptions No. 6 and we see no need of entering upon an extended discussion thereof since it would only lengthen this opinion and serve no useful purpose.

Bill of Exceptions No. 7 is also deficient since there is not any certificate by the trial court that appellant was under arrest. Such statement only appears in appellant's objection. Therefore, under the authorities cited by us in discussing bill No. 1, the bill fails to meet the requirements of the law.

By Bill of Exceptions No. 8 he complains of the action of the trial court on the hearing of the motion for a new trial in declining to reopen the case and permit him to introduce additional evidence. It is quite obvious from the bill that the trial had been concluded, appellant had been convicted, and he did not claim to have discovered new evidence material to his defense since the trial which he could not by due diligence have discovered before trial. The reopening of a case for the purpose of permitting the introduction of additional evidence rests within the discretion of the court and unless it is made to appear that the court abused its discretion with respect thereto, it will not constitute reversible error. See Art. 643, Vernon's Ann. C. C. P., and authorities cited thereunder.

By Bill of Exception No. 9 he asserts that there is a variance in the judgment pronounced by the court and the one entered on the minutes of the court. We do not think so. Appellant was charged with negligent homicide in the second degree. The court found him guilty and assessed his punishment at confinement in the county jail for a period of one year. The judgment as it appears on the minutes recites that the court found him guilty of negligent homicide in the second degree and assessed his punishment at confinement in the county jail for one year. There was but one count in the complaint and information which charged him with negligent homicide in the second degree, and when the court found him guilty, he found him guilty as charged. It occurs to us that appellant's contention is hypercritical.

The judgment of the trial court is affirmed.

Opinion approved by the court.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

The information charged two unlawful acts as constituting negligence on the part of the appellant. These were: (a) the operation of the automobile at a rate of speed in excess of thirty miles an hour, as denounced by Sec. 8 of Art. 827a, Vernon's P. C., and, (b) the failure to obey and stop at a stop sign, or, as it is sometimes called, "running a stop sign."

Appellant attacks the sufficiency of the state's pleading to charge the offense of running a stop sign.

A determination of that question rests upon whether the conviction was based upon that feature of the information.

The case was tried by the court, a trial by jury having been waived. The court entered a general judgment, finding appellant guilty without specifying upon which unlawful act, as constituting negligence, guilt was predicated.

In such cases the judgment will be applied to the act finding support in the testimony. So then if the facts support a finding by the trial court that at the time of the collision appellant was driving his automobile at a rate of speed in excess of thirty miles per hour, the conviction may be rested upon that testimony, without reference to whether appellant was also guilty of running a stop sign. We look, then, to the facts as to the rate of speed.

From the state's standpoint, there was no eyewitness to the collision. The physical facts, as shown by the testimony of the witnesses for the state, show that the brakes were applied upon the car appellant was driving for a distance of thirty feet before the collision; that the car in which deceased was riding "skidded sideways over against this curb and out into the vacant lot" after the impact or collision; that the car which appellant was driving skidded, after the collision, down the street against the curb, with some of the wheels over the curb. In addition, it was shown that soon after the collision appellant made the statement that the reason he did not stop at the stop sign was that he was driving so fast he did not see the sign.

Under the facts here presented, the trial court was authorized to find that, at the time of the collision, appellant was driving his automobile at a rate of speed in excess of thirty miles per hour.

The information alleged that appellant brought about the death of deceased "by then and there causing and permitting his said automobile to collide with and strike the said George Michael Conner, who was then and there riding in another automobile, thereby injuring and jarring and bruising and causing injuries to the body of the said George Michael Conner . . . . . . ."

Appellant insists that the proof fails to sustain the foregoing allegation because there is no testimony showing that the automobile struck or collided with the deceased—which proof was required under the allegation of the information.

While it is true that the information alleges that appellant caused his automobile to strike and collide with the deceased, it alleges, also, in that connection, that the deceased was, at the time, riding in another automobile, thereby causing injury to the body of the deceased.

Under such allegation, we are of the opinion that the expression found in Schultz v. State, 137 Tex. Cr. R. 164, 128 S. W. 2d 36-38, is applicable where we said:

"We are also of the opinion that the facts support the allegation that not only did he, appellant, collide with the injured party, but also that he caused an injury to her. The statute means that such collision should be made with an automobile. It can be made by either striking the person injured on his body, or by striking such person's automobile and causing the same to strike the body of the injured person, the intervening agency of the automobile collided with being but a further agency employed in the commission of the offense."

See, also, Warren v. State, 140 Tex. Cr. R. 119. 143 S. W. 2d 620; Swift v. State, 143 Tex. Crim. Rep. 351, 158 S. W. 2d 775.

As supporting his contention, appellant relies upon the case of Fuller v. State, 120 Tex. Cr. R. 66, 48 S. W. 2d 303. That case arose out of a prosecution for failing to stop and render aid. Art. 1150, P. C. Under that statute, the offense is committed by failing to stop after striking a person with an auto-

mobile or colliding with a vehicle containing a person. Only the first provision mentioned was charged in that case, and of necessity the proof was required to meet that allegation.

The allegation in the instant case that the deceased was riding in an automobile at the time of the collision distinguishes this case from the holding in the Fuller case.

Believing that a correct conclusion was reached originally, the motion for rehearing is overruled.

Opinion approved by the court.