## ROBERT DWIGHT TOWNSEND V. STATE.

No. 26,049. November 26, 1952.

Conner and Conner, by Earl Conner, Jr., [Earl Conner, Sr. of Counsel], Eastland, for appellant.

George P. Blackburn, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for negligent homicide in the second degree; the punishment, 6 months in jail.

The charging part of both the complaint and information reads:

"That heretofore, to-wit, on or about the 12th day of May A. D. 1951, and before the making and filing of this complaint, in the County of Eastland, and State of Texas Robert Dwight Townsend was then and there in the performance of an unlawful act, to wit, was operating a motor vehicle, to wit, a passen-- ger car upon a public highway in Eastland County, Texas, without having been licensed in this State as an operator, commercial operator or chauffeur, and did then and there in the performance of said unlawful act, by negligence and carelessness cause the death of Harrell Dwaine Bisbee, by then and there operating said motor vehicle at a speed and in a manner which was negligent and careless against the peace and dignity of the State."

Appellant moved to quash the complaint and information, pointing out among other grounds the omission of an allegation that there was apparent danger of causing death; the failure to allege the facts which constituted the negligence claimed; and especially that there was no allegation as to the automobile striking or colliding with the deceased or otherwise to show in what manner the death was caused.

The complaint and information are defective in the particulars mentioned, and the motion to quash should have been granted.

In Self v. State, 132 Tex. Cr. R. 234, 104 S.W. 2d 16, the complaint and information alleged that there was apparent danger of causing death and alleged that the automobile was by negligence and carelessness caused to strike and collide with an automobile in which the person killed was riding, but the failure to allege the facts which showed negligence and carelessness resulted in a reversal.

In Worley v. State, 89 Tex. Cr. R. 393, 231 S. W. 391, Presiding Judge Morrow, speaking for this court, said:

"In charging negligent homicide the particular act relied upon by the state should be set out, and it should appear from the

indictment that all the elements of the offense charged exist. Among these is that declared in article 1116 (now art. 1232 P.C.) that—

" 'To constitute this offense, there must be an apparent danger of causing the death of the person killed, or some other'; and 'to bring the offense within the definition of homicide by negligence, either of the first or second degree, there must be no apparent intention to kill.' Article 1119.

"From these we understand that it is necessary that the state allege and prove that the danger was apparent to the accused (Talbot v. State, 58 Tex. Cr. R. 324, 125 S.W. 906), and that he, either in the commission of the unlawful act such as is described in the statute or through negligence, caused the injury."

The unlawful act in which appellant was alleged to have been engaged at the time of the homicide is the violation of Art. 6687b Art. II Sec. 2(a), Vernon's Texas Statutes, which act is punishable as a misdemeanor under the provisions of Sec. 44 of Art. VI of said Article 6687b, V.C.S. It was not necessary for the state to negative the exceptions contained in Art. II Sec. 3 of Art. 6687b, V.C.S., which provides that certain persons shall be exempt from license.

Also, we overrule the contention that in a second degree negligent homicide case the state must allege and prove a causal connection between the unlawful act, in which the accused is engaged, and the death of the deceased. In such a case it is sufficient that acts of negligence be alleged and proved to have been committed by the defendant while in the performance of the unlawful act charged, and that such negligent acts be shown by allegation and proof to have been the cause of the death.

The complaint and information is fatally defective in the particulars first mentioned.

The judgment is reversed, and the prosecution ordered dismissed.

Opinion approved by the Court.