## JUAN LUERA v. THE STATE.

No. 15952.   Delivered June 7, 1933.
Rehearing Denied October 25, 1933.
Reported in 63 S. W. (2d) 699.

The opinion states the case.

*Art Schlofman* and *John H. Merchant,* both of Dalhart, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Possession of intoxicating liquor for the purpose of sale is the offense; punishment, 5 years in the penitentiary.

Peace officers searched the residence of the appellant under a search warrant and at the time the house was searched the evidence showed that the appellant and a Mexican known as Shorty were there, and also four or five white boys who were drinking beer. It was shown that the appellant's premises consisted of a house, part of which was sometimes used as a dance hall and part of which was occupied by the Mexican called Shorty and prior to that time had been occupied by two other Mexicans. The part occupied by the parties other than the appellant was cut off from that part of the premises occupied by the appellant. The state's evidence showed that the place where the white boys were drinking beer was in that part of the house occupied and used by the appellant and his family as their place of residence. The testimony of the officers showed that at the time they went into the house of the appellant he was washing bottles over at a sink in the room where the others were. The officers went in an ice box in said room and found a half gallon of whisky and 14 bottles of beer. The officers also found in said room a pint bottle with some whisky in it and in the confusion the Mexican called Shorty got out of the door and ran off.

The appellant did not testify in his own behalf but his wife and several of his relatives testified to the effect that the appellant had never manufactured any liquor since he had been warned by the officers a few months before not to do so and at

no time had he ever sold any liquor and the liquor found there did not belong to the appellant.

By bill of exception it is shown that in appellant's motion for new trial complaint was made of the trial court's refusal to grant appellant's application for continuance. It is contended in said bill that the appellant had used due diligence in having process issued for Lola Montoya and Leon Cardenas. It is alleged in said motion for continuance that he would prove in substance by said absent witnesses that the Mexican called Shorty lived in part of the private residence of the appellant and that the said witnesses had lived with and visited the appellant and expected to prove that during all of said time the appellant did not sell or manufacture any liquor and the appellant did not know that anyone was manufacturing intoxicating liquor or selling same on his premises. There was no affidavit of either of said alleged witnesses attached to appellant's motion for new trial. Conceding that diligence had been shown in order to procure the attendance of said witnesses, we believe that the testimony of said absent witnesses would be nothing more than cumulative of the testimony given by the appellant's wife, daughter, and other relatives on the trial of this case, all of whom in substance testified to the same facts set forth in the application for continuance as to what was expected to be proved by the absent witnesses. In the absence of affidavits of the absent witnesses attached to the motion for new trial, the judicial discretion rests with the trial judge to determine, in passing upon a motion for new trial, whether or not the absent testimony is probably true in view of all the evidence heard during the trial. White et al. v. State, 90 Texas Crim. Rep., 584, 236 S. W. 745; Tubb v. State, 109 Texas Crim. Rep., 458, 5 S. W. (2d) 150. We are confirmed in our view, after an examination of the testimony heard upon the trial, that the learned trial judge was well within his discretion in refusing a new trial.

There are two bills of exception relating to appellant's objection to the testimony touching the result of the search. The grounds set up were because said testimony had been obtained upon an invalid affidavit for a search warrant. Appellant alleges that the affidavit is void because of indefinite description due to the insufficient facts upon which probable cause could exist. We quote from the affidavit as follows:

"Before me, the undersigned authority, on this day personally appeared H. D. Faust and E. B. Elliston, creditable persons, who, being by me duly sworn, upon their oath depose and say:

We have good reason and probable cause to believe and do believe and so believing allege the facts to be that Juan Luera and others, whose names and descriptions are to these affiants unknown, is in possession and control of a certain private dwelling occupied by him as such and the premises appurtenant thereto, situated and described as follows: Lots 11 and 12 in Block 4, B. D., in the City of Dalhart, Dallam County, Texas.

"That in said private house and dwelling and premises appurtenant thereto the said Juan Luera and others whose names and descriptions are to these affiants unknown, sell and manufacture intoxicating liquor and possess for the purpose of sale and to be transported, intoxicating liquor."

The description of the premises in the search warrant does not materially vary from that set forth in the affidavit. The further contention is made that the attempted description of the alleged place to be searched is vague, indefinite and uncertain, and the affidavit does not show probable cause and grounds for belief. Upon this issue, the affidavit further states that the "affiants have been informed by creditable persons that they have bought intoxicating liquor at said place and drank same in said place within the past 24 hours and that they had seen a large quantity of intoxicating liquor at said place." The apparent contention of appellant is that the affidavit for search warrant to be valid must contain not only the information which would show probable cause but it must also disclose the source of the information. Such contention has been held adversely to the appellant by this court. See Smith v. State (Texas Crim. App.), 24 S. W. (2d) 1095; Ruhmann v. State, 113 Texas Crim. Rep., 527, 22 S. W. (2d) 1069. The objection that the description contained in the affidavit for search warrant was wholly insufficient to locate the premises to be searched as justifying the search thereof is without merit. We are of the opinion that the description of the premises was sufficiently definite to enable the officers to locate and distinguish the premises to be searched from other places in the community. See Wilson v. State, 106 Texas Crim. Rep., 75, 290 S. W., 1103; Story v. State, 107 Texas Crim. Rep., 269, 296 S. W., 296; Hernandez v. State, 109 Texas Crim. Rep., 246, 4 S. W. (2d) 82.

The appellant moved to quash the search warrant, and among other grounds set up was that the Justice of the Peace who purported to swear the affiants to the affidavits for search warrant was not a qualified and acting legal Justice of the Peace nor de facto Justice of the Peace of Dallam county because at the time of the filing of the affidavit and the issuing of the

search warrant said Justice of the Peace had qualified and was also acting as Recorder of the Corporation Court of the City of Dalhart. The record shows that the Justice of the Peace had been elected or appointed Justice of the Peace of Dalhart and had also been appointed as Recorder of the Corporation Court of the town of Dalhart and was serving in both capacities at the time the affidavit was made. Article 16, section 40, of the Constitution, provides that "no person shall hold or exercise at the same time more than one civil office of emolument except that of justice of the peace, county commissioner, notary public, postmaster, etc." It will therefore be seen that under the Constitution there is nothing prohibiting the justice of the peace from holding or exercising more than one civil office of emolument.

Appellant insists that the trial court erred in not instructing the jury on the law of circumstantial evidence and exception was reserved to the failure of the court to give a special charge asked by the appellant on circumstantial evidence. Under the evidence we do not think that the issue of circumstantial evidence arose. The undisputed evidence in this case shows that a half gallon or more of whisky was found in the room and premises occupied by appellant. Under article 671, P. C., the possession of more than one quart of intoxicating liquor shall be prima facie evidence that it was possessed for the purpose of sale. The only issue under the facts in this case was whether or not the appellant possessed said liquor for sale. Upon this issue the trial court in his charge, which was not excepted to, gave the appellant full benefit of his defensive theory. Under the facts and circumstances of this case we do not believe a charge on circumstantial evidence was required. See Davis v. State, 98 Texas Crim. Rep., 643, 267 S. W., 513; Egbert v. State, 76 Texas Crim. Rep., 663, 176 S. W., 560.

By bill of exception appellant complains that he was not confronted by the witnesses against him within the meaning of the Constitution in that the state's witnesses all testified in English and the appellant could not understand English and could only understand Spanish. It appears from the bill of exception that the appellant's counsel had an interpreter of his own choice sworn as an interpreter and he acted as an interpreter of all witnesses in the case who contended that they could not understand and speak the English language. This question was raised for the first time in appellant's motion for new trial. So far as the bill shows there was no request at the time that the testimony of the witnesses who testified in Eng-

512

lish be made known to the appellant. The bill also shows that appellant's counsel knew and understood English and there is evidence in the record that the appellant himself could talk English. The bill fails to show that the court was in any way requested to furnish the appellant or his attorney with any interpreter for any purpose whatsoever outside of an interpreter for the witness who did not speak English. There is clearly an absence of error in this bill of exception. See Livar v. State, 26 Texas App., 115; Zunago v. State, 63 Texas Crim. Rep., 58.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant raises in his motion for rehearing practically every question presented and passed on in our original opinion. In response to his motion, we have again gone over the record, but are convinced of the correctness of the disposition made. We see no reason for writing further upon propositions which are correctly decided in our original opinion.

The motion for rehearing will be overruled.

*Overruled.*