

# The Attorney General of Texas

January 15, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

*THIS OPINION is overruled in part By JM 919*

Honorable Tim Rodgers
Wise County Auditor
P. O. Box 899
Decatur, Texas    76234

Opinion No. JM-422

Re: Whether the offices of constable and city marshal, and the offices of justice of the peace and municipal judge, are incompatible; and related matters

Dear Mr. Rodgers:

You ask:

> 1. Whether a person appointed chief of police in a city within the county can also serve simultaneously as the elected constable of a precinct in which the city is located;
>
> 2. Whether a person elected justice of the peace in the precinct can serve simultaneously as parttime appointed magistrate for the city; and
>
> 3. Whether either situation would present a risk of increased liability on the part of the county.

You advise that a man elected constable in 1982 was hired in 1984 by a general law city located within the precinct as its chief of police. The commissioners court thereupon declared the office of constable vacant. Thereafter, the man was again elected constable of the precinct, but the commissioners court has refused to certify his most recent election or to approve his bond.

A single individual may not simultaneously hold two incompatible offices. "Incompatibility" is to be distinguished from a "conflict of interest." As said in Attorney General Opinion JM-172 (1984):

> Ordinarily, a mere 'conflict of interest' (i.e., a conflict created by the private pecuniary interest of a public officer or employee) will not make a person legally ineligible for a public office or position, although the existence of such

a conflict may make it illegal on occasion for a public officer or employee to exercise his public authority. See Hager v. State ex rel. TeVault, 446 S.W.2d 43 (Tex. Civ. App. - Beaumont 1969, writ ref'd n.r.e.); Attorney General Letter Advisory No. 13 (1973). See also City of Edinburg v. Electric Construction Co., Inc. v. City of San Antonio, 437 S.W.2d 602 (Tex. Civ. App. - San Antonio 1969, writ ref'd n.r.e.); Meyers v. Walker, 276 S.W. 305 (Tex. Civ. App. - Eastland 1925, no writ). On the other hand, 'incompatibility' prevents one person from holding two governmental posts if the positions are incompatible. The conflict in an 'incompatibility' situation is not between an officer's private interests and his public duty, but rather between two inconsistent public duties. See Thomas v. Abernathy County Line Independent School District, 290 S.W. 152 (Tex. Comm'n App. 1927); Attorney General Opinions JM-97 (1983); MW-170 (1980); Attorney General Letter Advisory Nos. 114 (1975); 86 (1974).

In our opinion, the offices of constable of a precinct and of chief of police of a general law city located within the precinct are incompatible. A constable is required to exercise independent judgment respecting the proper discharge of his duties, including his responsibility to preserve the peace. See Tex. Const. art. V, §18; V.T.C.S. art. 6878, et seq.; Code Crim. Proc. arts. 2.12, 2.13; Attorney General Opinions JM-140 (1984); JM-57 (1983). See also Weber v. City of Sachse, 591 S.W.2d 563 (Tex. Civ. App. - Dallas 1979, no writ). Cf. State ex rel. Hightower v. Smith, 671 S.W.2d 32 (Tex. 1984); Jones v. State, 109 S.W.2d 244 (Tex. Civ. App. - Texarkana 1937, no writ); Attorney General Opinion JM-57 (1983). He is elected by the citizens of the precinct to discharge his duties independently of the wishes -- even if expressed by ordinance -- of the governing body of a city located within the precinct. On the other hand, the chief of police of a city is subject to the control of the city council, and is duty bound to enforce its ordinances. V.T.C.S. art. 998. The two officers are subject to inconsistent duties, making the offices incompatible. See Attorney General Opinion JM-203 (1984). See also V.T.C.S. arts. 999, 999a; Alexander v. City of Lampasas, 275 S.W. 614 (Tex. Civ. App. - Austin 1925, no writ); Attorney General Opinion MW-394 (1981). Cf. Attorney General Opinions H-727 (1975); O-1263 (1939).

When the constable elected in 1982 became chief of police of the city in 1984, ipso facto he automatically vacated the incompatible office of constable. Thomas v. Abernathy County Line Independent

School District, 290 S.W. 152 (Tex. Comm'n App. 1927 judgmt adopted). See Attorney General Opinion JM-97 (1983). Cf. Pruitt v. Glen Rose Independent School District No. 1, 84 S.W.2d 1004 (Tex. 1935). But he did not thereby become ineligible to future election as constable, even though he continued to serve as chief of police. See Centeno v. Inselmann, 519 S.W.2d 889 (Tex. Civ. App. - San Antonio 1975, no writ). His occupancy of the police post cannot justify a refusal on the part of the county commissioners to certify his election or to approve his bond, because once he qualifies for the office of constable, ipso facto the position of chief of police is instantly vacated (for the reason discussed above) and he holds only the office of constable. Centeno v. Inselmann, supra. See State ex rel. Peden v. Valentine, 198 S.W. 1006 (Tex. Civ. App. - Fort Worth 1917, writ ref'd).

We are also of the opinion that the doctrine of incompatibility prevents a person elected justice of the peace from serving simultaneously as a parttime appointed magistrate for the city.

Two opinions of this office -- one dated March 14, 1913, and the other dated October 3, 1913 -- found in the 1912-1914 Report of the Attorney General at pages 722-724, advised that the offices of justice of the peace and of judge (recorder) of a corporation court were incompatible. The later opinion explained that although article XVI, section 40 of the Texas Constitution exempted justices of the peace from its proscription against holding more than one civil office of emolument, it did not exempt them from the further limitation that additional offices held by them must not be incompatible or in conflict with the office of justice of the peace. The opinion concluded the offices were incompatible because,

> to the extent of offenses arising under the State law, the justice of the peace and the city recorder could take jurisdiction of the same offense, and, consequently, you would have one man presiding over two courts of concurrent jurisdiction.

Id. at 724. See People ex rel. Goodell v. Garrett, 237 P. 829 (Cal. App. 1925), reh'g denied. See also State ex rel. Crawford v. Anderson, 136 N.W. 128 (Iowa 1912). Cf. Thomas v. Sams, 734 F.2d 185 (5th Cir. 1984), reh'g denied, 741 F.2d 783 (5th Cir. 1984).

In 1940, Attorney General Opinion O-2055 overruled the 1913 opinions on grounds (1) that the case of Luera v. State, 63 S.W.2d 699 (Tex. Crim. App. 1933), "necessarily" decided that the holding of the two offices by one person is not inhibited by the rule of incompatibility, and alternatively (2) that two judicial posts are not

incompatible merely because they are vested with concurrent jurisdiction. We agree with neither of those assertions.

The Luera case involved a claim by a criminal defendant that the search warrant involved should have been quashed because the justice of the peace who swore the affiants was "not a qualified and acting legal justice of the peace" in that he had qualified and was also acting as the recorder of a corporation court at the time. The Commission of Appeals wrote:

> Article 16, §40, of the Constitution, provides that 'no person shall hold or exercise, at the same time, more than one civil office of emolument, except that of justice of the peace, county commissioner, notary public and postmaster,' etc. It will therefore be seen that under the Constitution there is nothing prohibiting the justice of the peace from holding or exercising more than one civil office of emolument. (Emphasis added).

63 S.W.2d at 701.

From the foregoing passage it is apparent that the Commission of Appeals in its original opinion did not consider the rule against holding incompatible offices, but considered only the article XVI, section 40 constitutional prohibition against the holding of two offices of emolument, from which justices of the peace are excepted. The Court of Criminal Appeals approved the opinion; a motion for rehearing was overruled because the court remained convinced of "the correctness of the disposition made" and it saw no need for further writing upon propositions that were "correctly decided" in the original opinion.

The disposition of the case was correct, of course, if the motion to quash the search warrant was properly denied — no matter what was the proper ground for its denial. Cf. State v. Cook, 160 S.E.2d 49 (N.C. 1968). The argument that article XVI, section 40 of the Texas Constitution required quashal was properly refuted by the court, but if the issue of incompatibility had been raised and the offices had been pronounced incompatible, the outcome would not have been different.

Judges of corporation courts may also execute valid search warrants. O'Quinn v. State, 462 S.W.2d 583 (Tex. Crim. App. 1971). Cf. Carnell v. State, 70 S.W.2d 152 (Tex. Crim. App. 1934). Because the first of the incompatible offices would have been vacated by acceptance of the second one, the person taking the affidavits was an officer authorized to do so, whichever of the offices was the one last

accepted.  See Centeno v. Inselmann, supra; State v. Cook, supra.
Consequently, we do not believe the Luera case "necessarily" decided
that the holding of the offices of justice of the peace and recorder
of the corporation court by one person is not inhibited by the rule of
incompatibility.  Nor do we think the alternative reasoning of
Attorney General Opinion O-2055 requires that conclusion.

Attorney General Opinion O-2055 argued that the concurrent
jurisdiction exercised by the justice court and the municipal court
could not, in itself, render the offices incompatible because:

> Neither office is accountable to, under the
> dominion of, or subordinate to the other; neither
> has any right or power to interfere with the other
> in the performance of any duty.  An appeal from
> either court has no relation to the other, but is
> independently to other courts.

We believe the foregoing catalogue of conflicts neither accurately
states the complete test of incompatibility, nor accurately reflects
the full relationship between courts of concurrent jurisdiction.  See
Code Crim. Proc. art. 4.14; People ex rel. Goodell v. Garrett, supra.

Courts of concurrent jurisdiction may waive their jurisdiction in
favor of each other with respect to particular cases.  Flores v.
State, 487 S.W.2d 122 (Tex. Crim. App. 1972).  If one person acted as
both justice of the peace and city judge at the same time, it would be
within his power to manipulate the income of the courts over which he
presided to the advantage or disadvantage of either the county or the
city -- to both of which he would owe a duty of collection.  The
reason is, justices of the peace are required to account to the county
treasurer for the fines collected by his court, whereas fines
collected by city judges go into city coffers.  See V.T.C.S. art.
1619; Code Crim. Proc. art. 45.06.  By waiving the jurisdiction of the
court in favor of the other court, the "justice of the peace/city
judge" could enrich one governmental entity at the expense of the
other, depending, perhaps, on which of them used such fees to compen-
sate the officer collecting them.  Cf. Attorney General Opinion C-718
(1966).

It is not correct, therefore, to say that neither court has any
right or power to interfere with the other.  But there is another
reason why Attorney General Opinion O-2055 reached an improper result.
The test it formulated is too narrow.  Courts -- Texas courts among
them -- look to the public policy which the rule against incompati-
bility seeks to implement, and not merely to recitals of conflicting
relationships condemned in the past.  See 63 Am. Jur. 2d Public
Officers and Employees §78, at 726; See also State ex rel. Knox v.
Hadley, 7 Wisc. 700 (1860); People ex rel. Goodell v. Garrett, supra.

Cf. Ehlinger v. Clark, 8 S.W.2d 666 (Tex. 1928); Haskins v. State ex rel. Harrington, 516 P.2d 1171 (Wyo. 1973); Attorney General Letter Advisory No. 114 (1975).

This office concluded in Attorney General Opinion WW-1359 that one person could not hold at the same time both the office of justice of the peace, place one, and justice of the peace, place two, in a single precinct. The opinion discussed article V, section 18 of the Texas Constitution, but the real basis for decision seems to have been public policy reflected by the incompatibility doctrine:

> [W]hile a Justice of the Peace may hold some other office not incompatible with the office of Justice of the Peace, he may not hold the offices of Justice of the Peace, Precinct 1, Place 1, and Justice of the Peace, Precinct 1, Place 2 at the same time.

Cf. Attorney General Opinions V-1192 (1951); V-828 (1949). We believe Attorney General Opinion WW-1359 can be viewed as overruling Attorney General Opinion O-2055, sub silentio.

Reasoning similar to that used by Attorney General Opinion WW-1359 was used in the case of State ex rel. Knox v. Hadley, supra, and People ex rel. Goodell v. Garrett, supra, to hold that one person could not at the same time serve as a justice of the peace and a city judge with overlapping concurrent jurisdiction. See also State ex rel. Crawford v. Anderson, supra; In re Corum, 62 P.661 (Kans. 1900). Cf. Hancock v. Sapp, 225 So.2d 411 (Fla. 1969); State v. Cook, supra. We believe the courts of Texas would declare that the statutory provisions for a "judge" of the municipal court (V.T.C.S. art. 1196) and for "one justice of the peace" in each precinct, (V.T.C.S. art. 2373) contemplate that each office will be filled by a different person, and that the offices are incompatible. Cf. Harris County v. Stewart, 41 S.W. 650 (Tex. 1897); Ex Parte Wilbarger, 55 S.W. 968 (Tex. Crim. App. 1900).

Inasmuch as we conclude that the doctrine of incompatibility prevents a justice of the peace from simultaneously holding the office of city magistrate, and prevents a constable from holding at the same time the office of chief of police for a city within the precinct, we do not reach your final question. Attorney General Opinion O-2055 (1940) is overruled.

## SUMMARY

The doctrine of incompatibility prevents a constable from simultaneously holding the office of chief of police for a city located within the

precinct, and prevents a justice of the peace from holding at the same time the office of parttime magistrate for the city.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General