

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

October 3, 2005

The Honorable Carlos I. Uresti
Chair, Committee on Government Reform
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0362

Re: Whether a provision of a home-rule city charter regulating dual office holding is inconsistent with article XVI, section 40 of the Texas Constitution to the extent the charter provision prohibits a municipal judge from serving as justice of the peace (RQ-0335-GA)

Dear Representative Uresti:

You ask whether a provision of a home-rule city charter regulating dual office holding is inconsistent with article XVI, section 40 of the Texas Constitution to the extent the charter provision prohibits a municipal judge from serving as justice of the peace.[1]

## I.    Background

Your question involves the City of Pleasanton ("Pleasanton" or the "City"), a home-rule city under article XI, section 5 of the Texas Constitution, the home-rule amendment. *See* Request Letter, *supra* note 1, at 1. Last year, the Atascosa County Commissioners Court "appointed the Pleasanton Associate Municipal Judge to fill an unexpired term as Justice of the Peace." *Id.* You inform us that "Article IV, Section 2A of the Pleasanton City charter provides that . . . officers and employees shall not hold any other public elective office of emolument," *id.*, and suggest that the City considers the position of Atascosa County Justice of the Peace a public elective office of emolument under this provision, *see id.* We assume that the associate municipal judge is a city officer.[2] According to your

---

[1]Letter from Honorable Carlos I. Uresti, Chair, Committee on Government Reform, Texas House of Representatives, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Texas Attorney General (Feb. 10, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]City charter provisions limiting city employees' office holding raise issues beyond your query's scope. *See, e.g., Hickman v. City of Dallas*, 475 F. Supp. 137, 141 (N.D. Tex. 1979) (holding that a Dallas City Charter provision, under which a city employee who became a candidate for office would forfeit city employment, violated the United States Constitution, as applied to a particular employee, a police officer, because the City did not have a sufficient interest in prohibiting the employee from running for a nonpartisan election in a different city); *Davis v. City of Dallas*, 992 S.W.2d 621, 624-25 (Tex. App.–Dallas 1999, no pet.) ("The City has an interest in maintaining the loyalty, efficiency, and

(continued...)

letter, "[i]t has been suggested that [article IV, section 2A] bars the Pleasanton Associate Municipal Judge from serving as the Atascosa County Justice of the Peace." *Id.* In fact, you state that "[s]trictly construed" this provision "prevents the City of Pleasanton's municipal judge from holding the position of justice of the peace." *Id.*

You also state that the Pleasanton City Charter provides in article III, section 1 that the City "'shall have the powers to ordain and establish acts, laws, rules, regulations, resolutions, and ordinances, *not inconsistent with the Constitution and laws of Texas* and with this Charter.'" Request Letter, *supra* note 1, at 2 (emphasis added). Given article III, section 1 of the City Charter, you ask whether article IV, section 2A as applied to the municipal judge is inconsistent with article XVI, section 40 of the Texas Constitution.[3] The office of municipal judge is subject to the dual office holding prohibition in article XVI, section 40, which generally prohibits a person from holding more than one civil office of emolument. *See* TEX. CONST. art. XVI, § 40(a); Tex. Att'y Gen. Op. No. DM-428 (1996). As you note, however, article XVI, section 40 contains an exception for justices of the peace, county commissioners, and certain other officers. *See* TEX. CONST. art. XVI, § 40(a) ("No person shall hold or exercise at the same time, more than one civil office of emolument, except that of Justice of the Peace, County Commissioner, . . . ."); *see also Luera v. State*, 63 S.W.2d 699, 701 (Tex. Crim. App. 1933) ("under the Constitution there is nothing prohibiting the justice of the peace from holding or exercising more than one civil office of emolument").

Although this office declines to interpret city charter provisions, *see* Tex. Att'y Gen. Op. No. GA-0130 (2003) at 3, we will determine whether such provisions conflict with the federal or state constitution or statutes, *see* Tex. Att'y Gen. Op. Nos. GA-0217 (2004) at 4 ("Although this office does not construe city ordinances or charter provisions, we make an exception when asked to determine whether such provisions conflict with federal or state law."); GA-0068 (2003) at 2 n.2. Thus, we consider whether a city charter provision that prohibits a municipal judge from serving as justice of the peace is inconsistent with article XVI, section 40 of the Texas Constitution.

## II. Analysis

"A municipality is a home-rule municipality if it operates under a municipal charter that has been adopted or amended as authorized by Article XI, Section 5, of the Texas Constitution." TEX.

---

[2](...continued)
nonpartisanship of its employees. To further that interest, the City may prevent its employees from running for positions that could give the employee power over his supervisors. Here, Davis [a police department security officer] was terminated for becoming a candidate for the city council of the very city that employed him. This is precisely the type of political activity the *Hickman* court noted the City of Dallas could justifiably prohibit.").

[3]You appear to assume that article III, section 1 applies to other city charter provisions as well as "acts, laws, rules, regulations, resolutions, and ordinances," an assumption we do not examine because, in deference to city officials, this office generally refrains from construing municipal charters and ordinances. *See* Tex. Att'y Gen. Op. No. GA-0130 (2003) at 3 ("This office does not ordinarily construe city charters or ordinances, in deference to municipal officials' authority to construe their municipality's ordinances and charters."); *see also* Tex. Att'y Gen. Op. Nos. GA-0068 (2003) at 2 n.2, JC-0143 (1999) at 3, JM-846 (1988) at 1.

LOC. GOV'T CODE ANN. § 5.004 (Vernon 1999). Article XI, section 5 provides that "no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State." TEX. CONST. art. XI, § 5. Aside from that limitation, a home-rule municipality "has full power of local self-government." TEX. LOC. GOV'T CODE ANN. § 51.072(a) (Vernon 1999).

No statute limits the authority of a home-rule city to generally prohibit dual office holding or, more specifically, requires a home-rule city to permit a municipal judge to serve as justice of the peace. Rather, section 26.041 of the Local Government Code grants a home-rule municipality general authority to:

> (1)  create offices;
>
> (2)  determine the method for selecting officers; and
>
> (3)  *prescribe the qualifications, duties, and tenure of office for officers.*

*Id.* § 26.041 (emphasis added). The charter provision that "officers and employees shall not hold any other public elective office of emolument" is a qualification for office within the authority of the City of Pleasanton under section 26.041, which may be applied to its municipal judges. *See Barnett v. City of Plainview*, 848 S.W.2d 334, 339 (Tex. App.–Amarillo 1993, no writ) ("While [chapter 26 of the Government Code] expressly provides for a minimum term of two years for a municipal court judge, the existence of the limitation does not preclude the City from making provisions governing the creation of the office, the selection of the judge, and prescribing his qualifications and duties.") (citing Local Government Code section 26.041).

As you observe, the city charter provision at issue, in prohibiting a municipal judge from serving as justice of the peace, is more restrictive than article XVI, section 40 of the Texas Constitution, which excepts justices of the peace from the general constitutional dual office holding prohibition. *See* Request Letter, *supra* note 1, at 2. However, the article XVI, section 40(a) exception for justices of the peace, county commissioners, and other officers is merely an exception from the constitutional dual office holding prohibition. It does not grant the listed officers a right to hold two offices. For example, the article XVI, section 40(a) exception does not overcome the common-law doctrine of incompatibility, which precludes justices of the peace and other officers included within the exception from holding another office with conflicting duties. *See, e.g.*, Tex. Att'y Gen. Op. Nos. GA-0015 (2003) ("The office of county commissioner and the office of council member of a city located in the county are incompatible as a matter of law."), JM-1047 (1989) (concluding that "[t]he common law doctrine of incompatibility prevents one person from serving as justice of the peace in a county and as jailer in the same county"); *see also* Tex. Att'y Gen. Op. No. GA-0015 (2003) at 3 (concluding that although the article XVI, section 40 prohibition against holding two offices of emolument contains an exception for county commissioners, it does not except those offices from restrictions on dual office holding based on the common-law doctrine of incompatibility); Tex. Att'y Gen. LO-96-004, at 1. Thus, though a home-rule city charter dual

office holding provision that prohibits a municipal judge from serving as justice of the peace is stricter than article XVI, section 40, such a charter provision does not conflict with the constitutional provision. For this reason, the Pleasanton City Charter provision, in prohibiting a municipal judge from serving as justice of the peace, is not inconsistent with article XVI, section 40 of the Texas Constitution.[4]

Finally, you note that this office has concluded that the common-law doctrine of incompatibility does not preclude a person from serving as both the justice of the peace and appointed municipal judge for a city located within the justice of the peace precinct. *See* Request Letter, *supra* note 1, at 2; Tex. Att'y Gen. Op. Nos. JM-819 (1987) at 10, O-2055 (1940) at 4. But that conclusion does not preclude a home-rule city from prohibiting a municipal judge from serving as justice of the peace. Although we have not located any authority addressing a home-rule city's authority to adopt rules for its officers that are more restrictive than the common-law doctrine of incompatibility, the Local Government Code expressly authorizes home-rule cities to regulate their officers' conduct. *See* TEX. LOC. GOV'T CODE ANN. § 26.041(3) (Vernon 1999); *see also Lipscomb v. Randall*, 985 S.W.2d 601, 605 (Tex. App.–Fort Worth 1999, pet. dism'd) (holding that, under the home-rule charter, a city council member had automatically forfeited his seat on the town council when he was convicted in municipal court of two crimes involving moral turpitude); *City of Alamo v. Garcia*, 960 S.W.2d 221, 226 (Tex. App.–Corpus Christi 1997, no pet.) (holding that trial court lacked authority to interfere with self-enacting city charter provision providing for office forfeiture by city council member for failure to attend meetings). And this office has concluded on a number of occasions that a home-rule city may adopt an ordinance or charter provision that is stricter than a state statute governing public officers' conduct. *See, e.g.*, Tex. Att'y Gen. Op. No. GA-0068 (2003) (city ordinance may add to the restraints imposed by chapter 171 of the Local Government Code by prohibiting a city council member from voting on funding requests or contracts with a private, nonprofit corporation the council member serves as director); Tex. Att'y Gen. LO-93-30 (a home-rule city may adopt a nepotism policy that is more restrictive than state nepotism law). On its face, article XI, section 5 of the Texas Constitution does not prohibit a home-rule city charter from

---

[4]In 1979, a federal district court in Texas concluded that a city charter provision that prohibited a city fireman from running for county commissioner violated article XVI, section 40. *See Stone v. City of Wichita Falls*, 477 F. Supp. 581, 584 (N.D. Tex. 1979) ("Although the City admits that Section 40 allows Stone to hold the positions of County Commissioner and fireman, it defends Section 136's prohibition of Stone's candidacy. The Court must reject such an illogical defense."). The federal court apparently believed that article XVI, section 40 guaranteed the city employee a right to serve as county commissioner, a construction that is not supported by Texas authority. The appellate court affirmed the trial court's judgment on statutory grounds and did not reach the constitutional issues. *See Stone v. Wichita Falls*, 646 F.2d 1085, 1086 (5th Cir. 1981) ("We [] hold that the City Charter is inconsistent with Article 1269m(22) and consequently is void. We need not address the Texas or United States constitutional issues."). *Gaal v. Townsend*, 14 S.W. 365 (Tex. 1890), which the trial court cited as authority, addresses whether a county commissioner violated article XVI, section 40 by accepting office as mayor, *see id.* at 366 ("Whether appellant [a commissioner of El Paso County] vacated his office or not by accepting the office of mayor of Ysleta depends upon the proper construction of section 40 of article 16 of the present constitution."). As this office has noted, *Gaal* does not address whether the doctrine of incompatibility prohibits such dual service or consider the relationship between the constitutional provision and the common law. *See* Tex. Att'y Gen. Op. No. GA-0015 (2003) at 4. Nor does *Gaal* examine the relationship between article XVI, section 40 and a city charter provision.

containing a provision inconsistent with common law,[5] and we conclude that article XI, section 5 does not preclude a home-rule city from adopting a charter provision that is stricter than the common-law doctrine of incompatibility.[6]

In sum, in answer to your specific question, although article XVI, section 40 of the Texas Constitution would not prohibit a municipal judge from also serving as a justice of the peace, a home-rule city charter provision that prohibits such dual service is not inconsistent with that constitutional provision.

---

[5]*See* TEX. CONST. art. XI, § 5 (no home-rule city charter or ordinance "shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State").

[6]We do not address a home-rule city's authority to adopt an incompatibility policy that is less strict than the common law, except to note that this office has concluded that a home-rule city's authority to except city officers from the doctrine of incompatibility is limited to offices within the city's authority. *See* Tex. Att'y Gen. Op. Nos. JC-0225 (2000) ("While an ordinance of a home-rule city may exempt city offices from this rule, it may not exempt a city council appointment to the governing body of another political subdivision from the common-law doctrine of incompatibility."); JM-1087 (1989) (a home-rule city could exercise its legislative authority to except city officers from the common-law doctrine of incompatibility under limited circumstances).

## S U M M A R Y

A provision of a home-rule city charter regulating dual office holding that prohibits a municipal judge from serving as justice of the peace is not inconsistent with article XVI, section 40 of the Texas Constitution.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee